(No. 11193.—Judgment affirmed.)

THE KERENS-DONNEWALD COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed February 21, 1917.*

1. WORKMEN'S COMPENSATION—*when Industrial Board must refer cause back to committee of arbitration.* If the committee of arbitration appointed under the Workmen's Compensation act of 1913 reports to the Industrial Board that it cannot agree, it is the duty of the board to refer the matter back and require a final report from the committee.

2. SAME—*under Workmen's Compensation act courts can review only questions of law.* The courts, in reviewing proceedings under the Workmen's Compensation act of 1913, can review only questions of law and determine from the facts recited in the decision of the Industrial Board whether that body acted within its powers in making the award, and where there is evidence in the record to justify the findings of fact by said board a court of review is bound by such findings.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

KEEFE, HADLEY & BAXTER, for plaintiff in error.

WILLIAM P. LAUNTZ, and HYDE, WESTBROOK & WATSON, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The administrator of Giovanni Giacobbi, a deceased employee of plaintiff in error, filed a petition March 17, 1914, in accordance with the Illinois Workmen's Compensation law, asking for an arbitration hearing in respect to his claim against plaintiff in error for compensation due him as legal representative of the dependents of said deceased employee. Notice having been given to the respective parties, a hearing was had before a committee of arbitration. After testimony was taken by said committee it reported that it was

unable to make a final decision, and recommended that the whole matter be referred to the Industrial Board, as both parties desired to offer additional testimony. The Industrial Board referred the matter back to the committee of arbitration, and another hearing was had before said committee and a finding made in favor of the applicant. The plaintiff in error petitioned the Industrial Board for a review of the finding of the committee of arbitration. At the hearing and on review before said Industrial Board certain facts were agreed upon and further testimony was offered. Thereafter an award was entered by said board, directing that the applicant have and recover from the respondent $8.51 a week until the total sum should equal $3500. The plaintiff in error then sued out a writ of *certiorari* from the circuit court of Madison county, and after a hearing upon a motion by defendant in error to quash, an order was entered quashing said writ and dismissing the petition. The circuit judge thereafter certified that the cause was one proper to be reviewed by this court on account of the legal questions involved. This writ of error was then sued out.

The deceased was a coal miner and was working in plaintiff in error's mine at Worden, Illinois, having worked there something over a year prior to his death. The testimony shows that he died January 4, 1914; that prior to that time he was in average health and was not complaining of illness or being treated for any sickness or disease; that on January 3 he went into the mine about four o'clock P. M., together with his brother. After he had worked there about three hours he complained of not feeling well, sat down for a time, and finding he still felt poorly his brother took him by the arm and the two walked out of their working place to the bottom of a shaft. On reaching the surface in the mine cage the brother assisted the deceased to his boarding house. The testimony is that he had headache, severe pains in the stomach, and other symp-

toms, and an intense inclination to vomit. Later in the evening, his condition not improving, a physician was sent for, who, after making an examination, concluded that he had stomach trouble caused by indigestion and left some medicine. He continued to have nausea during the night, frequently trying to vomit but throwing up nothing, and died between five and six o'clock the next morning. The Industrial Board found that he came to his death by gas poisoning received while he was working in the mine. The gases are known as "white damp" and "black damp."

Counsel for plaintiff in error insist that the Industrial Board was without authority to refer this matter back to the committee of arbitration for a second hearing; that said committee had no authority to conduct such second hearing, and that therefore the Industrial Board was without jurisdiction to review the proceedings of said committee. It may well be questioned, as argued by counsel for defendants in error, whether on this record the plaintiff in error can raise this question of jurisdiction, but conceding that it has not waived its right to raise the question, we can not agree with counsel for plaintiff in error as to the proper construction of the Workmen's Compensation act on this subject. The Workmen's Compensation act as passed in 1913 was in force at the time of Giacobbi's death, and therefore must govern these proceedings. Section 16 of that act provides that the Industrial Board may make rules and orders for carrying out the duties imposed upon it by law, and that the process and procedure before said board shall be as simple and summary as reasonably may be. Section 19 provides for the appointment of a committee of arbitration if the employer and employee cannot agree on questions of law or fact. The statute does not provide any fixed time after the appointment of such committee within which it shall make its investigations and report its findings. The statute in no way intimates that the committee of arbitration can be relieved from making a report because

the members do not agree. On the contrary, it positively provides that it shall make such report. When such committee in this cause made a so-called report to the Industrial Board that it could not agree, it was the duty of the board to refer the matter back and require a final report from said committee. To put the construction on the statute on this question insisted upon by counsel for plaintiff in error would be most unreasonable and contrary to both the letter and spirit of the act.

Counsel for plaintiff in error further argue that there is no proof in the record that deceased left any widow or children, parents or lineal heirs, but that the Industrial Board fixed a compensation which could only be authorized, under the statute, if such proof had been made. The petition filed by the administrator before the Industrial Board, claiming compensation, stated that the deceased left surviving him a widow (naming her) and four minor children. The Industrial Board, in its finding as set forth in the record, states: "Fifth, that no question is raised here upon the record concerning the allegations in the petition with reference to the beneficiaries." It is apparent from the record that the chief, if not the only, questions argued before the Industrial Board were what was the immediate cause of Giacobbi's death and whether plaintiff in error was responsible therefor. In one part of their brief counsel for plaintiff in error so concede.

The further argument is made that the evidence does not sustain the finding of the board. The courts, in reviewing proceedings of this kind, can only review questions of law. They can only determine from the facts recited in the decision of the Industrial Board whether that body acted within its powers in making the award. (*Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11; *Munn* v. *Industrial Board,* 274 id. 70; *Parker-Washington Co.* v. *Industrial Board,* 274 id. 498.) As there is evidence in this record to justify the finding of said board concerning the cause of

death and as to whether plaintiff in error was liable there-
for, we are bound by that finding.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*