THE NEW MARISSA COAL COMPANY, Defendant in Error,
*vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN CRO-
MER, Plaintiff in Error.)

*Opinion filed April 20, 1927—Rehearing denied June 17, 1927.*

1. WORKMEN'S COMPENSATION—*poisoning from gas in mine is
compensable.* Mine gas poisoning is an accidental injury under
the Workmen's Compensation act, and where the record sustains a
finding that the employee was overcome by bad air while working
in the mine, that for some weeks he was unable to work at all,
and that since he has been unable to earn as much as before his
injury, an award for permanent partial incapacity is justified.

2. SAME—*what is sufficient basis for fixing award for perma-
nent partial incapacity.* Where the employee's wages as a loader
in a coal mine are determined by the amount of work he can do
and there is evidence of his ability to mine and load coal both be-
fore and after the injury, the difference in his wages showing the
difference in his earning power, there is sufficient basis on which to
compute the amount of an award for permanent partial incapacity.

3. SAME—*when application sufficiently covers injury for which
award is given.* An application for compensation reciting that the
employee, "having been overcome with bad air, fell against car and
injured breast and back and shoulder-blades," is sufficient, when
supported by proper evidence, to sustain an award for permanent
partial incapacity due to poisoning by the bad air.

4. SAME—*when courts cannot set aside finding of the Industrial
Commission.* Courts are not justified in overturning the finding
of the Industrial Commission unless it is manifestly against the
weight of the evidence, and where such is not the case but the
evidence in the record sustains the finding and award the award
should not be set aside.

WRIT OF ERROR to the Circuit Court of St. Clair county;
the Hon. GEORGE A. CROW, Judge, presiding.

W. J. MACDONALD, (A. W. KERR, of counsel,) for
plaintiff in error.

FARMER & KLINGEL, for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error sustained an accidental injury while in the employ of defendant in error as a miner and filed an application for an award under the Compensation act. It was stipulated on a hearing before the arbitrator that the petitioner had sustained an accidental injury; that the requirements as to notice and claim for compensation had been complied with; that the annual earnings of the petitioner were $2844, that his weekly wage was $54.69, and that $221 had been paid as compensation on account of the accident. The only question in dispute before the arbitrator was as to the extent of the injury and what further compensation, if any, the petitioner was entitled to. The arbitrator awarded him the sum of $17 per week for 13 weeks, and found that first aid, medical, surgical and hospital services had been furnished by the defendant in error and that the petitioner was not entitled to further compensation. On review before the Industrial Commission the commission found that the petitioner was entitled to $17 per week for 35 weeks for temporary total incapacity for work and $17 per week for 215 weeks for permanent partial incapacity for work. On *certiorari* the circuit court of St. Clair county set aside the award of the commission and affirmed the award of the arbitrator. The petitioner has brought the case here on writ of error.

It appears that plaintiff in error, when injured, was working in a room known as a "wing room;" that the point where he was working was 176 feet away from the air current at the entry. He testified that on the morning of his injury he went to work about 7:30 and found the room smoky from the powder of the shots fired the night before; that there was not enough circulation of air to carry it out; that before he had loaded his first car he began to feel a headache, weakness in his knees, nausea and

aching; that he became sick and vomited twice and finally became dizzy and blinded and fell over against the car, where he remained for five or ten minutes; that he crawled out to his tool-box and then to the entry and rested; that he started out of the mine and met the mine boss, to whom he reported his condition and then went to the office, where he obtained an order to the company doctor and went immediately to him; that he had injured his breast by the fall against the car; that the company doctor put a plaster on his breast and gave him a bottle of medicine; that he remained in bed for three days and then called another physician for further treatment; that the injury took place on December 29, 1921, and he was unable to return to work until the 29th of the following February, and when he did return he was, on account of weakness, pain in his stomach and lungs and shortness of breath, unable to continue, and that he had been unable to work up to the time of the hearing before the arbitrator, which took place on July 14, 1922; that he had been constantly under the care of a physician and had lost weight; that before the injury he had not suffered from illness of any character. His statement that the room was smoky and contained dead air is corroborated by Elmer Titter, who testified that he was in plaintiff in error's room in the coal mine on the morning of the injury and that the air was bad. His opinion was that there was in the room either white or black damp. Plaintiff in error's former good health is evidenced by the unusually large amount of coal mined by him, as shown by his earnings.

Plaintiff in error's physician testified that he had treated him and had taken X-ray pictures of him; that the central portion of the lungs showed evidence of thickening and contained scar tissue. He described white damp as carbon monoxide and black damp as carbon dioxide, and was of the opinion that plaintiff in error would not be able to work to his former capacity. Defendant in error's physician tes-

tified that plaintiff in error had bronchitis; that he did not know the cause of it, but that carbon dioxide would not produce inflammation that would cause bronchitis. On hearing before the commission plaintiff in error testified that he was feeling some better and was working in another mine, but was unable to do the amount of mining and loading that he could before the injury.

We are of the opinion that the record sustains the commission in finding that plaintiff in error was overcome by bad air while working on the morning of the injury complained of, that for some weeks he was unable to work at all, and that at the time of the hearing before the commission he had not recovered his former strength. Mine gas poisoning is an accidental injury under the Workmen's Compensation act. *Kerens-Donnewald Coal Co.* v. *Industrial Board,* 277 Ill. 35.

It is urged, also, that there is no basis in the evidence for fixing the amount of the weekly award for partial incapacity. The evidence shows the ability of plaintiff in error to mine and load coal both before and after the injury. He was paid one dollar per ton. His average weekly earnings for the year preceding the injury were $54.69, or over fifty-four tons. Defendant in error's evidence is that before the injury plaintiff in error mined and loaded as high as fourteen and one-half tons per day. On hearing before the commission, nearly a year after the arbitrator's report, plaintiff in error testified that he was able to mine and load not over four tons per day. The difference in his earning power, therefore, was one of computation, and it cannot be said that such computation is without basis.

It is urged that the accident complained of in the application was not one from gas poisoning but was an injury to plaintiff in error's breast from falling against the coal car. The application recited that the injury complained of was: "Having been overcome with bad air, fell against car and injured breast and back and shoulder-blades." This

statement of claim is sufficiently explicit to amount to a claim that one cause of injury was poisoning by bad air.

Courts are not justified in overturning the finding of the Industrial Commission unless it•is manifestly against the weight of the evidence. (*Armour Grain Co.* v. *Industrial Com.* 323 Ill. 80; *Keller* v. *Industrial Com.* 302 id. 610.) We cannot say that such is the case here. It was error, therefore, for the circuit judge to set aside the award of the commission.

The judgment of the circuit court is therefore reversed and the award of the commission confirmed.

*Judgment reversed and award confirmed.*