18888. McCOY *v.* SOUTHERN LUMBER COMPANY.

DECIDED JUNE 15, 1928.

*Oliver & Oliver, John Z. Ryan,* for plaintiff.

*J. P. Dukes,* for defendant.

LUKE, J. McCoy sued Southern Lumber Company in the superior court for damages for personal injuries. Paragraph 6 of the

petition alleged that "on July 24, 1926, and prior thereto, said defendant company had in its regular employ at its sawmilling plant at Pembroke more than ten men, and was not operating under the workmen's compensation act." The answer merely denied this paragraph. After the evidence had closed the court rendered the following judgment: "Upon motion of defendant the within case is dismissed, it appearing from the evidence that the industrial commission has jurisdiction, and that this court is without jurisdiction." The plaintiff excepted to this judgment. His contention is that the "jurisdictional point was waived," and that it was for the jury to determine whether or not the defendant company was operating under the act. It appears, from the evidence, that the plaintiff was an employee of the defendant company and was engaged at the time of his injury in attempting to perform his duty of oiling a saw-mandrel at the company's sawmill, and that the company had regularly in its service more than ten men. It does not appear that either the employer or the employee had pursued the method prescribed by the workmen's compensation act to obtain exemption from the operation and effect of that act. The evidence is strongly to the effect that the employer carried no compensation insurance, and was making no attempt to comply with the requirements of the act.

1. As a matter of law, both the employer and the employee were presumed to have accepted the provisions of the workmen's compensation act and were bound by it. Ga. L. 1920, p. 171, sec. 4.

2. The rights and remedies granted to the employee by that act excluded all other rights and remedies, at common law or otherwise. Ga. L. 1920, p. 176, sec. 12; *Holliday* v. *Merchants & Miners Transportation Co.*, 32 Ga. App. 567, 571 (124 S. E. 89).

3. Under both the law and the pleading the burden was upon the employee to prove that the employer had rejected the act; and this burden was not carried by showing that the employer had not complied with the insurance feature of the act.

(a) Where the employer refuses or wilfully neglects to comply with the requirements of section 66 of the act as to insuring his liability thereunder, he is guilty of a misdemeanor, and the industrial commission may assess against him compensation in an amount greater by ten per cent. than that provided by the act and reasonable attorney's fees for the representative of the employee.

Ga. L. 1920, p. 204; sec. 67, as amended by the act of 1923 (Ga. L. 1923, p. 97, sec. 7).

4. The court's judgment that the industrial commission, and not the superior court, had jurisdiction of the controversy between the parties is correct, and the exception to that judgment was properly overruled.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*