## 20636. SIMMONS *v.* ETOWAH MONUMENT COMPANY.

STEPHENS, J. A disease contracted by an employee is not compensable under the Georgia workmen's compensation act unless it resulted naturally and unavoidably from an injury or "accident" which arose out of and in the course of the employment. Section 2 (d) of workmen's compensation act; *United States Casualty Co.* v. *Smith,* 162 *Ga.* 130 (133 S. E. 851); *United States Casualty Co.* v. *Smith,* 34 *Ga. App.* 363 (129 S. E. 880). The fact that the disease itself was contracted by accident, in the sense that its happening was unforeseen or unexpected, or in some careless or unintentional manner in which the employee's work was performed, will not render the disease compensable, if it did not result from a previous injury or accident to the employee himself. Where an employee was engaged in a closed room, operating an air-hose through which sand was blown upon the face of marble for the purpose of wearing off the marble, thereby creating a considerable amount of sand and marble dust in the room, and where, by reason of a faulty construction and adjustment of the mask which had been furnished to him and which he was accustomed to wear over his head for the purpose of preventing his inhaling the small particles of sand and marble dust which filled the room as a result of his work, and where also, by reason of the improper and insufficient ventilation of the room, he was not prevented from inhaling some of the particles of sand and dust, and where the particles which he did inhale caused him to contract a disease called silicosis, which resulted in tuberculosis of the lungs, the diseases, in so far as they resulted from the causes indicated, did not result from any previous injury or accident to the employee which arose out of and in the course of his employment. Since an "injury," as defined in the compensation act, is "an injury by accident," in the sense of some damage or hurt to the employee, the mere lodging of the particles of dust and sand in the defendant's lungs constituted in itself no injury or accident to the employee in the sense of the act, and the diseases of the lungs which resulted therefrom were not, for this reason, caused by any injury or accident to the employee. The industrial commission was au-

thorized to deny compensation, and the judge of the superior court did not err in affirming the award of the commission.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 13, 1931.

*James E. Garst, Clarke & Clarke,* for plaintiff.
*McDaniel, Neely & Marshall, Harry L. Greene,* for defendant.