## Schabel et al. v. Riddell-Robineau Mfg. Co.

(Decided Oct. 21, 1932.)

EDWARD G. KLEMM for appellant.

EUGENE R. ATTKISSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Mrs. Rose Schabel and the Workmen's Compensation Board of Kentucky have appealed from a judgment setting aside an award made Mrs. Schabel by the Workmen's Compensation Board of "$12.00 per week for a period of not to exceed 335 weeks nor the sum of $4,000.00. The defendant will pay the funeral expenses not to exceed the sum of $75.00; doctor's and medical bills not to exceed the sum of $100.00; the defendant will pay 6% interest on all past due payments."

Franke Schabel the husband of Rose Schabel, had worked for the Riddell-Robineau Mf'g. Co., of Louisville, Ky., for 35 years and on Nov. 19th, 1928, was its engineer, and on that date a water pipe that fed the boiler bursted. This made it necessary to disconnect certain pipes that blew sawdust into the furnace of the boiler and caused that sawdust to be blown into the boiler room. Schabel undertook to repair this pipe and in doing so got wet from the water escaping from the pipe, and it seems that his lungs were filled with the dust that was being blown into the room. At 9 o'clock the next day he made complaint and was sent to the company's doctor, who treated him for a day or

so, then Schabel was treated by his family physician from November 22d until he died on December 25th.

At first Schabel appeared to have bronchitis; that was followed by pneumonia, that by gangrene, and that by death. On November 26, 1928, the Riddell-Robineau Manufacturing Company filed with the Workmen's Compensation Board a report of this injury. On October 23, 1929, Mrs. Schabel filed form No. 11 asking compensation for the death of her husband. On April 1, 1930, the board made her the allowance stated above. The Riddell-Robineau Company sought a review by the full board which was had, and the full board on June 3, 1930, sustained the award made by the single member. On the 18th of June, 1930, the Riddell-Robineau Manufacturing Company filed in the common pleas branch in the Jefferson circuit court its petition for review, and on the 21st day of February, 1931, the court entered its judgment reversing the finding of the Workmen's Compensation Board, and on December 11, 1931, Mrs. Schabel filed this appeal.

On February 2, 1932, this court delivered an opinion in the case of Great Atlantic & Pacific Tea Co. v. Sexton, 242 Ky. 266, 46 S. W. (2d) 87, which opinion is of controlling applicability. We are unable to see what distinction there can be between the germs of tularæmia entering the system of Dennis Sexton through a pre-existing abrasion in his skin, and the entrance into the system of Frank Schabel, through his bronchial tubes, of the inhaled sawdust which the evidence tended to show caused his death, and we regard the act of the trial court in setting aside the award of the Workmen's Compensation Board as erroneous.

The judgment is reversed.