COVINGTON *v.* BERKELEY GRANITE CORPORATION.

No. 10927. MARCH 24, 1936.

236

*Howell & Post,* for plaintiff.

*Bryan, Middlebrooks & Carter, John A. Dunaway,* and *Yantis C. Mitchell,* for defendant.

ATKINSON, Justice. The caption of the workmen's compensation act is as follows: "An act to prevent industrial accidents; to provide medical and surgical care for injured employees; to establish rates of compensation for personal injuries or death sustained by employees in the course of employment; to provide methods of insuring the payment of such compensation; to create an Industrial Commission for the administration of this act and to prescribe the powers of such commission, and for other purposes." Ga. Laws 1920, p. 167. Section 2(d) provides: "'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident, nor shall 'injury' and 'personal injury' include injury caused by a wilful act of a third person directed against an employee for reasons personal to such em-

ployee or because of his employment." With certain exceptions not here material, section 4 provides that every employer and employee "shall be presumed to have accepted the provisions of this act respectively to pay and accept compensation for personal injury or death," unless prescribed notices are given. Section 12 is as follows: "That the rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service or death."

It is apparent from these provisions that the workmen's compensation act cannot be applied except in case of "injury by accident." It is stated in the question certified that the employee sustained injuries which caused him "to contract silicosis, an occupational disease," and that such "injuries were not the result of an accident and were not compensable under the provisions of the workmen's compensation act." Thus no decision is required by this court as to whether an occupational disease so caused is a disease for which compensation may be awarded under the terms of the compensation act; but the question for determination is whether the provisions of the act should be construed as excluding the right of an employee to bring against his employer an ordinary action for damages where he sustained injuries by the negligence of the employer, but the injuries were not such that the compensation act was applicable. Compare *Simmons* v. *Etowah Monument Co.*, 42 *Ga. App.* 633 (157 S. E. 260). Under the terms of the act as quoted and as construed with its caption and other provisions, the remedy provided by this statute is exclusive within the field of its operation, but it does not exclude redress in cases to which it is not applicable. Consequently, if the act does not apply to an "occupational disease" caused by injuries which were "not the result of an accident and were not compensable under the provisions" of the act, the employee may maintain an ordinary or common-law action for damages against his employer, provided a cause of action exists in his favor under the law relating to the liability of a master, independently of the workmen's compensation act. The question propounded by the Court of Appeals is therefore answered

in the negative; that is to say, the right "to bring an ordinary action for damages" is not excluded by this statute as to injuries which do not fall within its terms. See, in this connection, Zajkowski *v.* American Steel & Wire Co., 258 Fed. 9 (6 A. L. R. 348) ; Jones *v.* Rinehart &.Dennis Co., 113 W. Va. 414 (168 S. E. 482) ; Jellico Coal Co. *v.* Adkins, 197 Ky. 684 (247 S. W. 972) ; Donnelly *v.* Minneapolis Mfg. Co., 161 Minn. 240 (201 N. W. 305) ; Smith *v.* International High Speed Steel Co., 98 N. J. Law 574 (120 Atl. 188) ; Trout *v.* Wickshire Spencer Steel Cor., 195 N. Y. Supp. 528; Downey *v.* Oxweld Acetylene Co., 112 N. J. L. 25 (169 Atl. 709) ; Shinnick *v.* Clover Farms Co., 169 App. Div. 236 (154 N. Y. Supp. 423) ; 71 C. J. 1484; 28 R. C. L. 830.

Attention has been called to the following decisions: *Holliday* v. *Merchants & Miners Transportation Co., 32 Ga. App.* 567 (124 S. E. 89), affirmed, 161 *Ga.* 949 (132 S. E. 210) ; *McCoy* v. *Southern Lumber Co., 38 Ga. App.* 251 (143 S. E. 611) ; *Horn* v. *Planters Products Co., 40 Ga. App.* 787 (151 S. E. 552) ; *Webb* v. *Tubize-Chatillon Cor., 45 Ga. App.* 744 (165 S. E. 775) ; *Stebbins* v. *Georgia Veneer & Package Co., 51 Ga. App.* 56 (179 S. E. 649). The present decision is not contrary to anything decided either by the Court of Appeals or by the Supreme Court in the *Holliday* case, supra. If the other four decisions just referred to should be construed as holding anything at variance with what is now ruled, they are to that extent disapproved. *All the Justices concur.*