## BERKELEY GRANITE CORPORATION v. COVINGTON.

No. 11447.   FEBRUARY 11, 1937.

*Bryan, Middlebrooks & Carter, John A. Dunaway,* and *Yantis C. Mitchell,* for plaintiff in error.

*Howell & Post,* contra.   *Reuben R. Arnold,* for person at interest, not party.

HUTCHESON, Justice.   The present case is before this court after the grant of certiorari to review the following decision of the Court of Appeals (*Covington* v. *Berkeley Granite Corporation,* 53 *Ga. App.* 269, 185 S. E. 386) : "1. 'Where as the result of an employer's negligence an employee sustained an injury which caused an "occupational disease," if the injury was not the result of an accident and was not compensable under the workmen's compensation act, the employee is not prevented by the terms of the act from maintaining against his employer an ordinary or common-law action to recover damages for such injury and disease.

. . Attention has been called to the following decisions: *Holliday* v. *Merchants & Miners Transportation Co.*, 32 *Ga. App.* 567 (124 S. E. 89), affirmed, 161 *Ga.* 949 (132 S. E. 210) ; *McCoy* v. *Southern Lumber Co.*, 38 *Ga. App.* 251 (143 S. E. 611) ; *Horn* v. *Planters Products Co.*, 40 *Ga. App.* 787 (151 S. E. 552) ; *Webb* v. *Tubize-Chatillon Cor.*, 45 *Ga. App.* 744 (165 S. E. 775) ; *Stubbins* v. *Georgia Veneer & Package Co.*, 51 *Ga. App.* 56 (179 S. E. 649). The present decision is not contrary to anything decided either by the Court of Appeals or by the Supreme Court in the *Holliday* case, supra. If the other four decisions just referred to should be construed as holding anything at variance with what is now ruled, they are to that extent disapproved.' *Covington* v. *Berkeley Granite Cor.*, 182 *Ga.* 235 (184 S. E. 871).

"2. Under the foregoing ruling and the pleadings of the instant case, the amended petition set out a cause of action, and the court erred in dismissing the action on demurrer."

The petition for certiorari, after setting out the history of the litigation and stating the substance of the petition, alleges that the Court of Appeals committed the following errors: "(a) In holding and in deciding that where, as a result of an employer's negligence, an employee sustained an injury which caused an occupational disease, if the injury was not the result of an accident and was not compensable under the workmen's compensation act, the employee is not prevented by the terms of the act from maintaining against his employer an ordinary or common-law action to recover damages for such injury and disease, notwithstanding that this ruling is based solely on a conclusion of the pleader in paragraph 39 of plaintiff's petition, and notwithstanding that the plaintiff's petition contained other allegations setting up circumstances which show that plaintiff's injury did result from accident. (b) In assuming from the plaintiff's petition that the plaintiff's injury was not by accident within the meaning of the Georgia workmen's compensation act, and in basing this assumption on a pure conclusion of the pleader, as stated in paragraph 39 of the plaintiff's petition, reading as follows: 'The illness and disease of petitioner is an occupational disease, and did not result from accident or injury within the terms of the workmen's compensation act of Georgia,' notwithstanding that the plaintiff's petition contained other allegations setting out facts and circumstances which show plain-

tiff's injury was the result of accident which arose out of and in the course of his employment with the defendant, and notwithstanding that both the plaintiff and the defendant were operating under the Georgia workmen's compensation act, and notwithstanding that the defendant's demurrer to the plaintiff's petition was based on section 12 of the Georgia workmen's compensation act, reading as follows: 'That the rights and remedies herein granted to an employee, where he and his employer have accepted the provisions of this act, respectively to pay and to accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death;' and notwithstanding that the true rule is that 'a disease contracted as a direct result of unusual circumstances connected with the work, and not as an ordinary or reasonably to be anticipated result of pursuing the work, is to be considered as an injury caused by an accident;' and notwithstanding that the plaintiff's petition alleged that his injury was the sole, direct, and proximate result of the negligence of the defendant; and notwithstanding that in the plaintiff's petition he alleged, 'As a direct, sole, and proximate result of the inhaling of said dust, under the circumstances described, . . plaintiff contracted the disease of silicosis.'"

Pretermitting the question whether or not the certiorari was improvidently or erroneously granted, in that the assignments of error do not allege that the decision of the Court of Appeals is on its face erroneous, but only that the Court of Appeals erred in assuming a certain fact alleged in the petition to be true (which petition or the substance thereof does not appear in the decision of the Court of Appeals), for the reason that other allegations of the petition showed such allegation of fact to be a mere conclusion of the pleader (see Code, § 24-4549; *Hicks* v. *Louisville & N. R. Co.*, 182 *Ga.* 595, 186 S. E. 662, and cit.; *Mitchell* v. *Owen*, 159 *Ga.* 690, 693, 127 S. E. 122; *Western & Atlantic R.* v. *Henderson*, 167 *Ga.* 22, 32, 144 S. E. 905; *Atlanta Coach Co.* v. *Cobb*, 178 *Ga.* 544, 547, 174 S. E. 131), we are of the opinion that the Court of Appeals did not err in the "assumption" made from the allegations of the petition. Omitting the allegations not necessary to be considered, Covington alleged that he went to work for the

Berkeley Granite Corporation on or about May, 1928. His petition contained also the following allegations:

"14. Said business of petitioner in the employ of defendant consisted in the running of a machine upon granite and marble and in the making of monuments, and said machine was for the purpose of smoothing such stone. Said process caused a terrific amount of dust from said stone to fill the air in and about petitioner and in and about said stone, and caused the particles thereof to fill the air that petitioner breathed. 15. Said dust and said particles consisted of silica and marble dust. 16. The room in which petitioner was placed for running said surface machine was a small room with only a few small windows high up, and with insufficient ventilation. 17. There was not furnished by defendant to petitioner in his said work any guard for his nose or mouth, or any mask whatever. 18. There was not furnished to petitioner by defendant any glasses to protect his eyes. 19. There was not furnished by defendant to petitioner any method for the circulation of air or to prevent the congestion of said dust in said room. 20. No proper ventilation facilities were furnished by defendant to petitioner. 21. No suction-pipe furnished by defendant to petitioner. 22. None of the above precautionary measures were available to petitioner; none were furnished by any one acting for defendant, and none were furnished at the place in which petitioner was working at any time while he was so working for defendant; and defendant knew they were necessary in order to prevent petitioner from contracting silicosis. 23. No tools or equipment were furnished by defendant or any one acting for defendant to petitioner, or for the place where petitioner worked, such as would reduce the amount of such dust or would make such business safe for petitioner. 24. No warning was given petitioner by defendant of the danger of said dust and of his said employment. 25. No rules were promulgated by defendant or brought to the attention of petitioner, so as to protect petitioner from the danger of such work and such dust. . . 27. Defendant corporation well knew during all the time that petitioner worked for defendant of the danger of said dust and of the possibility of the contraction of the disease of silicosis therefrom. . . 30. Other employees of defendant corporation similarly situated to petitioner, but whose names petitioner is unable to give, for lack of sufficient

information, contracted, before and during the time that petitioner was working for defendant, the disease of silicosis, and this was known to defendant. 30-A. Petitioner did not know of the danger of his employment or the possibility of contracting silicosis. 31. Well knowing the danger thereof and the necessity of furnishing proper equipment, ventilation, masks, safeguards, and rules, defendant corporation placed petitioner in said employment in such a manner as to render it probable that he would contract the disease of silicosis, and the defendant knew of such probability. 32. As a direct, sole, and proximate result of the inhaling of said dust under the circumstances hereinabove described, petitioner, on or about September 14, 1932, and while employed by defendant, contracted the disease of silicosis; had rattlings in his lungs, short breath, choking, and complete disability and inability to work. Said disease is agonizingly painful and causes untold agony to petitioner, and has rendered him permanently unable to engage in any occupation whatever for gain or profit, and has caused his total and permanent disability, and is incurable, and will certainly cause his premature death. There is no treatment known for said disease which can afford any relief or cure therefor. 33. The illness and disease herein alleged is and was the sole, direct, and proximate result of the negligence of defendant corporation, said negligence consisting in the following specifications: (a) In failing to furnish petitioner a safe place to work. (b) In failing to adopt and promulgate proper rules for the protection of petitioner from the dust of the stone he was cutting. (c) In failing to warn and instruct petitioner of the dangers incident to his employment. (d) In failing to furnish proper tools and equipment for the operation of said work of petitioner. (e) In failing to provide for proper ventilation and circulation of air, so as to take away such dust. (f) In failing to provide petitioner with glasses, mask, or other protection to prevent his inhaling such dust. (g) While full well knowing the danger of petitioner's employment, and the probability of his contraction of silicosis, in continuing to fail to furnish proper safeguards, material, mask, or ventilation, so as to prevent the contraction of silicosis by petitioner."

In an amendment to the petition it was alleged that petitioner and defendant were at all times operating under the Georgia

workmen's compensation law and were subject to the terms and conditions thereof. The defendant, without waiving its general and special demurrers to the original petition, "demurred to the plaintiff's petition as amended, and urged the court to dismiss the petition as amended, for the reason that the Department of Industrial Relations, administering the Georgia workmen's compensation act, had exclusive jurisdiction over the matter and alleged cause of action, by reason of section 12 of the Georgia workmen's compensation act;" and that the petition "did not set out a legal cause of action against the defendant, for the reason that the rights, if any the plaintiff had, against the defendant are determinable solely under the terms and conditions of the Georgia workmen's compensation act." Upon the hearing the court passed the following order: "The within demurrer to the plaintiff's petition as amended, after argument, is hereby sustained, and the plaintiff's petition as amended is hereby dismissed. The original demurrers to the original petition were not heard or passed on at this time." The case was brought to the Court of Appeals on exceptions to this ruling, and that court certified to this court a question, the answer to which question is quoted in the first headnote of the decision of the Court of Appeals on which complaint is made in this certiorari. In answering the certified question this court said, "no decision is required . . as to whether an occupational disease so caused is a disease for which compensation may be awarded under the terms of the compensation act; but the question for determination is whether the provisions of the act should be construed as excluding the right of an employee to bring against his employer an ordinary action for damages where he sustained injuries by the negligence of the employer, but the injuries were not such that the compensation act was applicable." It will thus be seen that the sole question for determination under the assignments of error in the petition for certiorari is whether or not the injury or disease suffered by petitioner, as alleged, resulted from an "accident" within the meaning of the Georgia workmen's compensation act.

Section 2(d) of the workmen's compensation law as amended (Acts 1920, p. 167; Acts 1922, pp. 185, 186; Code, § 114-102) provides: "'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment,

and shall not include a disease in any form except where it results naturally and unavoidably *from the accident,* nor shall 'injury' and 'personal injury' include injury caused by the wilful act of a third person directed against an employee for reasons personal to such employee." (Emphasis ours.) While the use of the word "accident" in section 12 of the compensation act (Acts 1920, p. 176; Code, § 114-103), and in the section just quoted, "was not intended to exclude from the operation of the statute injuries chargeable to negligence on the part of either the employer or the employee, but the word is used for the purpose of distinguishing the kinds of injuries dealt with by the statute from diseases not naturally growing out of injuries arising out of and in the course of employment" (*Horn* v. *Planters Products Co.,* 40 *Ga. App.* 787, 151 S. E. 552), yet a disease naturally and unavoidably growing out of injuries arising out of and in the course of employment must, in order to be compensable under the plain provisions of the statute, grow out of *accidental* injuries arising out of and in the course of employment. *U. S. Casualty Co.* v. *Smith,* 162 *Ga.* 130, 134 (133 S. E. 851); *Berkeley Granite Corporation* v. *Covington,* supra; *Inglett* v. *Maryland Casualty Co.,* 43 *Ga. App.* 320 (158 S. E. 642); *Webb* v. *Tubize-Chatillon Cor.,* supra. The above rulings have been aptly applied by the Court of Appeals in a case very similar to the case at bar. *Simmons* v. *Etowah Monument Co.,* 42 *Ga. App.* 633 (157 S. E. 260). We quote that decision with approval, as follows: "A disease contracted by an employee is not compensable under the Georgia workmen's compensation act unless it resulted naturally and unavoidably from an injury or 'accident' which arose out of and in the course of the employment" (citing section 2(d) of the workmen's compensation act; *U. S. Casualty Co.* v. *Smith,* supra; s. c., 34 *Ga. App.* 363, 129 S. E. 880). "The fact that the disease itself was contracted by accident, in the sense that its happening was unforeseen or unexpected, or in some careless or unintentional manner in which the employee's work was performed, will not render the disease compensable, if it did not result from previous injury or accident to the employee himself. Where an employee was engaged in a closed room, operating an air-hose through which sand was blown upon the face of marble for the purpose of wearing off the marble, thereby creating a considerable amount of sand and

marble dust in the room, and where, by reason of a faulty construction and adjustment of the mask which had been furnished to him and which he was accustomed to wear over his head for the purpose of preventing his inhaling the small particles of sand and marble dust which filled the room as a result of his work, and where also, by reason of the improper and insufficient ventilation of the room, he was not prevented from inhaling some of the particles of sand and dust, and where the particles which he did inhale caused him to contract a disease called silicosis, which resulted in tuberculosis of the lungs, *the diseases* [emphasis ours], in so far as they resulted from the causes indicated, did not result from any previous injury or accident to the employee which arose out of and in the course of his employment. Since an 'injury,' as defined in the compensation act, is 'an injury by accident,' in the sense of some damage or hurt to the employee, the mere lodging of the particles of dust and sand in [his] lungs constituted in itself no injury or accident to the employee in the sense of the act, and *the diseases* [emphasis ours] of the lungs which resulted therefrom were not, for this reason, caused by any injury or accident to the employee." The petition in the case before this court specifically alleged that the disease which petitioner contracted "did not result from accident or injury within the terms" of the compensation act. Whether or not this allegation in and of itself is a mere conclusion of the pleader it is not necessary to decide. It is sufficient to say that nothing alleged in the petition contradicted this allegation, but on the contrary the other allegations, under the rulings stated above, conclusively show that the disease did not result naturally and unavoidably from an accidental injury which arose out of and in the course of employment, and was therefore not compensable under the workmen's compensation act. The Court of Appeals did not err in so holding.

It is contended by petitioner in certiorari that the Court of Appeals erred in holding unqualifiedly that the amended petition set forth a cause of action, in that the only question before the Court of Appeals was whether the amended petition set forth a cause of action as against the demurrer that it set forth no cause of action for the reason that the rights, if any the plaintiff had, were determinable only under the compensation act before the industrial commission, and not before the court, the general demurrer

to the original petition expressly not having been passed on by the trial judge. There is no sufficient assignment of error to raise this question before this court. In the petition for certiorari the rulings of the Court of Appeals in the first and second headnotes are quoted, then follows "It is on this decision of the Court of Appeals and these rulings that your petitioner assigns error." The specifications of error contained in the petition for certiorari have been previously quoted. Nowhere therein is an assignment of error as contended for. The assignment just quoted is not sufficient to raise any question for decision by this Court. Code, § 24-4549, *Parks* v. *Hardwick,* supra.

*Judgment affirmed. All the Justices concur.*