## 26041. CAMPBELL *v.* DIXIE GRAVEL COMPANY.

DECIDED MAY 6, 1937.

*H. T. Oliver, Joseph G. Collins,* for plaintiff.

*Charles J. Thurmond, Wheeler & Kenyon,* for defendant.

BROYLES, C. J.  Vernon Campbell brought an action at common law against Dixie Gravel Company, for damages for personal injuries.  In paragraph 3 of the petition it was alleged "that the defendant is a corporation employing over ten men, and has failed to elect to come under the workmen's compensation act of the State of Georgia."  Paragraph 3 of the defendant's answer is as follows: "In answer to the allegations contained in paragraph 3 [of the petition] it is admitted that defendant is a corporation, but it is denied that defendant employed over ten men.  On the contrary, defendant employed regularly only three men, *and could not elect to come under the workmen's compensation act of the State of Georgia.*"  (Italics ours.)  This paragraph of the answer was not stricken by amendment or otherwise, and was a solemn admission in judicio that the defendant had not accepted the provisions of the workmen's compensation act, and was not working thereunder when the plaintiff was injured.  It follows that under the pleadings there was no issue of fact raised as to whether the defendant had accepted such provisions.  It is true that the evidence for the plaintiff showed that the defendant had more than ten men regularly employed at the time of the infliction of the injuries sued for.  However, an employer having more than ten employees does not *automatically* come under the provisions of the workmen's compensation act; although ordinarily he would be presumed to have accepted such provisions, unless it

were shown that he had given the notice (that he had not accepted the provisions) required by the act. But in a case like this, where the employer is sued at common law by one of his employees, who alleges in his petition that the defendant had not accepted the provisions of the compensation act, and the defendant specifically admits in its answer that it had not accepted such provisions, the defendant is estopped from thereafter asserting that the case should be dismissed because the plaintiff had not shown that the defendant had given the notice required by the act. And it is immaterial what reason the defendant gave in its answer for not having accepted the provisions of the act. Under the facts of this case, the presumption that the defendant had accepted such provisions is overcome by its solemn and specific admission in judicio to the contrary. The decision of this court in *McCoy* v. *Southern Lumber Co.*, 38 *Ga. App.* 251 (143 S. E. 611), is not controlling in this case; for in that case there was no admission in the defendant's answer that it had not accepted the provisions of the compensation act. In the instant case the defendant's answer, properly construed (most strongly against the pleader), clearly shows that it had not accepted the provisions of the workmen's compensation act, and was not working thereunder when the plaintiff was injured. The court erred in dismissing the action.

However, the evidence for the plaintiff (the defendant introduced none) failed to show that the injuries sued for were caused by any negligence of the defendant; and the suit being based on the alleged negligence of that party, the proper judgment would have been one of nonsuit. Therefore, under the broad powers granted to this court, the judgment of dismissal is reversed, with direction that it be vacated and a judgment of nonsuit entered.

*Judgment reversed, with direction. MacIntyre and Guerry, JJ., concur.*