28456. LUMBERMEN'S MUTUAL CASUALTY COMPANY
*et al. v.* LYNCH.

Decided November 14, 1940.

532

*Haas, Gambrell & Gardner,* for plaintiffs in error.

*R. C. Whitman, P. W. Walton,* contra.

STEPHENS, P. J. "'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment and shall not include a disease in any form except where it results naturally and unavoidably from the accident." Code, § 114-102. In order to be compensable under the compensation act the disease must arise out of, or result from an accident or injury arising out of, and in the course of, the employment. If the facts show a causal connection between the injury and the development of the disease the victim of the disease is entitled to compensation. It has been held that where a disease results from a sudden or unexpected inhalation of gas or fumes it results from an accident or injury within the meaning of the compensation acts. Although the decisions on the subject are not uniform and can not

be entirely reconciled, generally diseases resulting from unusual and unexpected inhalation of gas fumes or dust result from accident within the meaning of the compensation act, but where the injury is the natural result of the existence of conditions necessarily incidental to the work being performed, as where the resulting diseases are occupational diseases, it is held that they do not result from accident. 71 C. J. 593, § 344. It has been held that where an automobile mechanic inhaled a large amount of exhaust gas from an automobile in the course of his employment, and thereafter contracted pneumonia from which he died, the cause of his injury was the inhalation of the gas although the pneumonia would have been the immediate cause of his death. See Columbine Laundry Co. v. Industrial Commission, 73 Colo. 397 (215 Pac. 870). All physical sickness and disease result from an injury when there is a causal connection between them. It has been held that death resulting from bronchitis was the result of accident where the deceased unexpectedly inhaled gas, fumes, or dust in a coal mine, which caused the bronchitis. Thoburn v. Bedlington, 5 B. W. C. C. 128. Also it has been held that a disease resulting from a sudden and unexpected inhalation of mine gas is accidental within the meaning of the compensation act. New Marissa Coal Co. v. Industrial Commission, 326 Ill. 116 (157 N. E. 32). Also it was held in Travelers Insurance Co. v. Smith (Tex. Civ. App.), 266 S. W. 574), that lobar pneumonia resulting from the inhalation of chlorine gas resulted from an injury within the compensation act. Also in the case of Schabel v. Riddell-Robineau Mfg. Co., 245 Ky. 409 (53 S. W. 2d, 750) it was held that pneumonia resulting from inhaling sawdust when disconnecting pipes blowing sawdust into a furnace was a disease resulting from accident or injury within the compensation law. It was held in Mauchline v. State Insurance Fund, 279 Pa. 524 (124 Atl. 168), and also in Johnston v. E. E. Orcutt Garage, 103 Pa. Super. 507 (157 Atl. 46), that where the injury results from an undesigned inhaling of smoke and fumes on a single occasion, compensation would be allowed. Many cases along the same line might be cited sustaining the view that diseases resulting from unusual and unexpected inhalation of gas, fumes, or dust, result from accident or injury within the contemplation of the workmen's compensation acts. See 71 C. J. 594, n. 50.

An occupational or industrial disease is not compensable under

the Georgia workmen's compensation act. See *Covington* v. *Berkeley Granite Cor.*, 182 *Ga.* 235 (184 S. E. 871). Such a disease is one caused by, or especially incident to, a particular employment. It is a diseased condition arising gradually from the character of the work in which the employee is engaged, that is, a disease acquired in the usual and ordinary course of an employment which from common experience is recognized to be incidental thereto. It has been said to be the natural and reasonably to be expected results of a workman following a certain occupation for a considerable period of time. See 71 C. J. 599, and cit. The case of *Simmons* v. *Etowah Monument Company*, 42 *Ga. App.* 633 (157 S. E. 260), is an excellent example of an occupational or industrial disease. There an employee of a monument company inhaled small particles of sand and marble dust as an incident to the performance of his employment, and this resulted in tuberculosis of the lungs. This court ruled that the employee was not entitled to compensation. The disease in the *Simmons* case was not caused by any accident or injury to the employee. The disease, called silicosis, was incidental to and the natural result of the employment to which the employee was at all times exposed when engaged in the performance of his work. Had this disease not resulted from the inhalation of particles of sand and marble dust incident to the employee's work, but had this disease, although arising out of the employment, been the result of the sudden and unexpected inhalation of particles of sand and marble dust by the employee, he would thereby have received an injury by accident, and the resulting disease of silicosis would have arisen out of an accidental injury. The *Simmons* case was thereafter approved in *Berkeley Granite Co.* v. *Covington*, 183 *Ga.* 801 (190 S. E. 8). In that case it was held: "Where, as the result of an employer's negligence, an employee breathes quantities of granite dust over a period of time and in the course of his employment, and the breathing of said dust causes the disease of silicosis, such disease is not the result of an injury or accident within the meaning of the Georgia workmen's compensation act (Code, § 114-102), and is not compensable thereunder." This decision was based on the fact that the disease of the employee, under the facts of that case, was an occupational disease and not the result of an accident.

Under the facts of the case now before the court the disease of

the claimant's lungs resulted from an unexpected inhalation by him of the gas and fumes caused by the welding carried on by him and his fellow employee in the manhole beneath the street, on the occasion in which the claimant and the other employee were repairing the tank underneath the street, and did not result from a diseased condition arising gradually from the character of the work in which the claimant was engaged, and as the natural result of the existence of conditions necessarily incidental to his employment. Such disease resulted rather from unusual and sudden inhalation of gas and fumes on a single and special occasion wholly unexpected by him, as contradistinguished from inhaling such fumes over a considerable period of time as a natural and expected incident to the employment. Under the authorities first above referred to it is our opinion that the disability of the claimant resulting from the diseased condition of his lungs caused by inhaling the gas or fumes from the electric welding on the occasion when he and his fellow employee were working in the manhole beneath the street, was the result of an accidental injury and was therefore compensable under the workmen's compensation act. The undisputed evidence demanded a finding that the claimant's disability resulted from an injury by accident, and the award by the hearing commissioner and the board denying compensation was without evidence to support it. The fact that the claimant continued to work that day, after being aware of the fumes and after feeling ill effects therefrom, would not bar him from compensation. Negligence of the employee, no matter how gross, will not bar compensation where the injury is otherwise compensable. See *Ætna Life Insurance Co. v. Carroll*, 169 *Ga.* 333 (150 S. E. 208); *Horn v. Planters Products Company*, 40 *Ga. App.* 787 (151 S. E. 552). It follows that the judge did not err in setting aside the award of the Industrial Board denying compensation.

*Judgment affirmed. Sutton and Felton, JJ., concur.*