**William F. RICKETT, III, a minor who sues by his next friend and father, William F. Rickett, II, Plaintiff-Appellant,**

v.

**Howard JONES, d/b/a Jones Bros. Roofing Co., et al., Defendants-Third Party Plaintiffs-Appellees,**

v.

**ROOFING, SHEET METAL, HEATING & AIR CONDITIONING CONTRACTORS ASSOCIATION OF ALABAMA SELF–INSURER'S FUND, Third Party Defendant.**

**James T. WILSON, a minor who sues by his next friend and mother, Kathy Jo Toney, Plaintiff-Appellant,**

v.

**Howard JONES, d/b/a Jones Bros. Roofing Co., et al., Defendants-Third Party Plaintiffs-Appellees,**

v.

**ROOFING, SHEET METAL, HEATING & AIR CONDITIONING CONTRACTORS ASSOCIATION OF ALABAMA SELF–INSURER'S FUND, Third Party Defendant.**

No. 73–2705.

United States Court of Appeals, Fifth Circuit.

June 5, 1974.

Rehearing Denied Aug. 6, 1974.

Albert W. Copeland, Richard H. Gill, Montgomery, Ala., for plaintiff-appellant.

Henry C. Chappell, Jr., Montgomery, Ala., for third-party plaintiff.

Harry Cole, Montgomery, Ala., for third-party defendant.

Before GODBOLD, SIMPSON and INGRAHAM, Circuit Judges.

SIMPSON, Circuit Judge:

The appellants, Rickett and Wilson, Georgia residents, sued Howard Jones, d/b/a Jones Brothers Roofing Co. on diversity grounds in the Alabama federal court below. The suits were for damages for job-related personal injuries sustained in Georgia while the plaintiffs, both then under 16 years of age, were employed at a federal enclave job site where Jones was performing a contract with the United States Army. The cases were handled jointly below and are here on a consolidated appeal from summary judgments entered in favor of Jones. We reverse.

Two theories were advanced in the trial court for recovery. First, plaintiffs contended that an implied cause of action exists and should be recognized against their employer, who was in violation of the Child Labor Provisions of the Fair Labor Standards Act, Title 29, U.S.C. Sec. 212. In the next place, they claimed damages as third party beneficiaries to Jones' contract with the U. S. Army, pursuant to which they were employed, for Jones' alleged breach of contract for failure to secure Workmen's Compensation insurance as required by the contract.

Jones filed a third party complaint against the Roofing, Sheet Metal, Heating and Air Conditioning Contractors Association of Alabama Self-Insurer's Fund (RSMHACCA), of which he was a member in good standing at the time plaintiffs' injuries occurred. The district court's grant of judgment for Jones was based upon a finding that no private cause of action arises under the FLSA, and that the applicable Georgia Workmen's Compensation statute [1] bars common law, personal injury damage suits by employees against their employer. The insurer's summary judgment motion directed to Jones' third party complaint was held to be moot. Our reversal is grounded upon a determination that the district court misconstrued and misapplied Georgia law, and that appellants should not be narrowly limited to claims before the Georgia Workmen's Compensation Board under the particular facts of this case. This result pretermits decision as to the FLSA claim,[2] but it puts in issue the potential liability of RSMHACCA requiring reversal of the order holding moot the motion to dismiss the third party complaint against that insurer.

---

1. Title 114, Georgia Code Annotated, Secs. 101–201.

2. We note that this precise issue was decided adversely to appellants' contention by this Court in Breitweiser v. KMS Industries, 5 Cir. 1972, 467 F.2d 1391, cert. denied, 410 U.S. 969, 93 S.Ct. 1445, 35 L.Ed.2d 705.

Alabama resident Jones is the sole proprietor of Jones Brothers Roofing Co. He contracted with the United States Army to do re-roofing work on certain buildings on the Fort Benning, Georgia military reservation. Appellants Rickett and Wilson were Georgia residents hired by Jones as laborers pursuant to the Fort Benning work contract. Both were then under 16 years of age so that they were hired in apparent violation of the child labor provisions of the FLSA, Title 29, U.S.C. Sec. 212. By his contract with the United States Army Jones was expressly required to procure and maintain Workmen's Compensation insurance in the amounts fixed by Georgia law for the benefit of the laborers employed on the job. It is without dispute that he did not qualify with the Georgia Workmen's Compensation Board. The appellants each filed claims with the Georgia Board after the accidents causing their injuries,[3] but Jones has not submitted to that Board's jurisdiction. Those claims are therefore of no benefit to the injured youths.

The lower court undertook to apply the Georgia law to these undisputed facts and determined that the contract of employment between appellants and the appellee was subject to the Georgia Workmen's Compensation Act, and that appellants' injuries were compensable thereunder. Under the terms of the statute, Sec. 114–103, Georgia Code Ann., it was the exclusive remedy for the injuries sustained, the court continued, and barred "any other common law actions, including a breach of contract action brought pursuant to injuries (cit-

ing Georgia cases)". The Georgia Workmen's Compensation Act, Georgia Code Ann. 201,[4] provides, in pertinent part, that:

"Every employer and employee, except as herein stated, shall be presumed to have accepted the provisions of this Title, agreeing respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby, unless . . . notice to the contrary shall have been given in the manner herein provided, . . ."

Finding that the parties "accepted" the provisions of the Workmen's Compensation law as contemplated by Sec. 114–201, the district court construed Sec. 114–103[5] as a bar to the third party beneficiary claim.

We consider crucial to the disposition of this appeal a decision as to whether or not the lower court correctly analyzed the situation in determining that the parties "accepted" the provisions of the Workmen's Compensation law under Sec. 114–201 so as to afford Jones the protection of Sec. 114–103 against the third party beneficiary contract claim despite Jones' failure to qualify under the Compensation Act. The district court reasoned that since no notice of exemption was given by either party, the statutory presumption of acceptance under Sec. 114–201 came into play so as to limit the remedy. Counsel for appellee urged at oral argument that "acceptance" arises by operation of law so long as the prerequisites for coverage, to wit, an em-

---

3. Rickett was allegedly struck by a falling sheet of metal on July 17, 1970 while working on the roof to building # 2403. Wilson was allegedly injured in a fall from building # 2403 on July 21, 1970 when the roof gave way while he was working on it.

4. Sec. 114–201 was repealed by the Georgia legislature, Georgia Acts 1972, pp. 929, 931, but the effective date of the repeal, July 1, 1972, was subsequent to the filing of the complaint in this action. Section 114–103, discussed infra, was amended at the same time Sec. 114–201 was repealed.

5. Sec. 114–103, Georgia Code Ann. provides that:

"The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Title, agreeing respectively to accept and pay compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death."

ployment contract and work being done thereunder in Georgia, exist.

We are in disagreemnt with both rationales. First, it is a *non sequitur* to suggest that "acceptance" arises by operation of law when the statute dealing with the subject is expressly couched in terms of legal presumption. The error in the district court's reasoning was that it treated the presumption as conclusive rather than rebuttable. Thus when appellants failed to show a notice of exemption from the statutes, which would have precluded any reference to the presumption whatsoever, it was concluded that "the parties must, therefore, be deemed to have accepted the obligations imposed by Sec. 101–201 of the Act and to be subject to the Act." Thereupon summary judgment issued.

Summary judgment may be ordered only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law" F.R.Civ.P. 56(c). The Georgia courts have held that the presumption created by Sec. 114–201 is not conclusive. Campbell v. Dixie Gravel Co., 1937, 55 Ga.App. 747, 191 S.E. 274. In *Campbell* the defendant had admitted in a pleading that he had not accepted the provisions of the Act, and that was held to have overcome the presumption. Not dissimilarly, appellee here admitted that he had not submitted to the jurisdiction of the Georgia State Board of Workmen's Compensation, which may be tantamount to the admission in *Campbell*.[6] We note further that both the presumption of acceptance and the exclusivity of remedy sections of the Georgia law refer to acceptance as

"agreeing respectively to accept and pay compensation on account of personal injury or death by accident." The district court should consider whether or not that presumption may be rebutted by a showing that such agreement was lacking.

Our attention is drawn to a final point, not briefed by the parties, but arising during oral argument. The complaints below disclose that both plaintiffs were injured during the course of their employment while working on building # 2403 at Fort Benning, Rickett by being struck with a piece of sheet metal which fell on him, and Wilson by falling through the roof.[7] Under Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and its progeny, the district court in this diversity action will apply the law of Georgia, the state in which the injuries occurred. Georgia law imposes upon a master the duty to furnish servants in his employ a reasonably safe place in which to work. Smith v. Ammons, 1972, 228 Ga. 855, 188 S.E.2d 866. Appellants have alleged facts sufficient to support a claim in tort as well as their contractual claim. Only the demand for relief is deficient. Therefore, should the district court ultimately determine that the provisions of the Georgia Workmen's Compensation Law, *including exclusivity of remedy*, were not "accepted" by the parties, leave to amend should be granted appellants to permit assertion of the common law tort action by their complaint.

The judgment appealed from is Reversed for further proceedings consistent herewith.

Reversed.

---

6. See plaintiffs' Request for Admission # 6 and Jones' answer thereto:

  6. That defendant has not submitted to the jurisdiction of the Georgia State Board of Workman's Compensation.

  6. Admitted, and Defendant did have such Workmen's Compensation insurance covering the work to be done pursuant to said contract, the same being its membership in the Third-Party Defendant's self-insuring association. Subsequent to May 27; 1970, the date of the contract with the United States, and prior to July 15, 1970, Jones Brothers Roofing Company furnished to the Contracting Officer for the United States at Fort Benning, Georgia, written proof of its membership in Third-Party Defendant's self-insuring association and the same was accepted by said Contracting Officer.

7. See Note 3, supra.