Ollie **CORNIST** et al.,
**Plaintiffs-Appellees,**

v.

**RICHLAND PARISH SCHOOL
BOARD** et al.,
**Defendants-Appellants.**

Elvert **CHISLEY** et al.,
**Plaintiffs-Appellees,**

v.

**RICHLAND PARISH SCHOOL
BOARD** et al.,
**Defendants-Appellants.**

**Nos. 73–2619, 73–3529.**

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1975.

John F. Ward, Jr., Baton Rouge, La., Donald K. Carroll, Dist. Atty., Parish of Richland, Lowen B. Loften, William R. Coenen, Sr., Asst. Dist. Attys., Rayville, La., E. Rudolph McIntyre, Dist. Atty., Winnsboro, La., for defendants-appellants.

Paul H. Kidd, Robert P. McLeod, Stephen J. Katz, Monroe, La., Stanley A. Halpin, Jr., New Orleans, La., for plaintiffs-appellees.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion May 13, 1974, 5 Cir., 1974, 495 F.2d 189).

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied insofar as it relates to the reinstatement of appellees Cornist and Chisley. No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

The judgment of the District Court is vacated insofar as it awards back pay and attorney fees. The cause is remanded to the District Court for reconsideration of whether back pay may be awarded, see e. g., *Adkins v. Duval County School Board,* 511 F.2d 690 (CA5, 1975); *Mitchell v. West Feliciana Parish School Board,* 507 F.2d 662 (CA5, 1975), and for reconsideration of whether attorney fees are to be awarded on the basis of bad faith, see e. g., *Wallace v. House,* 515 F.2d 619 (CA5); *Doe v. Poelker,* 515 F.2d 541 (CA8, 6/2/75); *Samuel v. Univ. of Pittsburgh,* 395 F.Supp. 1275 (W.D.Pa., 6/6/75).[1]

Affirmed in part, vacated and remanded in part. Costs are assessed against the defendants.

---

1. Alyeska Pipeline Service v. The Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) refers in footnote 46 to the instant case as one in which the court erroneously employed the private attorney general approach as a basis for award of attorney fees. That reference does not dispose of the attorney fee issue, however, since the district judge in this case based his award on alternative rationales of the private attorney general concept and of obdurate obstinacy by the defendants in their repeated attempts to dismiss the two plaintiffs. *See* Cornist v. Richland Parish School Board, 495 F.2d 188, 192 (CA5, 1974). *See also* Wallace v. House, *supra.*