53636. WILLIAMS et al. v. CITIZENS & SOUTHERN NATIONAL BANK.

MARSHALL, Judge.

Appellants, Williams & Brannan, Inc., and Brannan, individually, bring this appeal from certain rulings made at preliminary hearings in this controversy as well as rulings made at the jury trial of the case.

The facts in this case are convoluted by the procedural activities of the parties and the rulings of the court. Williams & Brannan, Inc. (hereinafter corporation) were engaged in the retail sporting goods business. Brannan was the president of the corporation and its principal officer and agent for service of process. The facts show that the corporation was indebted on a note to the appellee, C & S Bank (hereinafter bank). Brannan was a guarantor on the note, as was Sims, the other defendant. The corporation defaulted on the note. In accordance with the terms of the note and an accompanying security instrument, the bank, by virtue of the power in the note and written consent by Brannan, took control of the inventory of the sporting goods business and ultimately sold that inventory and applied the proceeds toward satisfaction of the indebtedness. There being a deficiency, the corporation, Brannan, and Sims were sued on that deficiency.

The corporation and Brannan did not file responsive pleadings or other answer to the bank's complaint, and became in default. The suit was filed on June 12, 1974. On July 10, 1974, defendant Sims was added as a party defendant, making this a suit with multiple defendants (three). No further actions were taken in regard to the controversy until April 14, 1975. At that time the corporation, only, moved to set aside the entry of service on the ground that service had not been perfected upon an

officer or agent of the corporation. The motion also urged that the default be removed. After argument by counsel for the interested parties, the trial judge (Judge Tanksley) denied the motion. Thereafter, on January 14, 1976, the bank moved for entry of default judgment against both the corporation and Brannan. Following appropriate notice of the motion, Judge Tanksley granted the motion and entered default judgment against both the corporation and Brannan on February 26, 1975. At this time, defendant Sims continued as a party defendant to the controversy. Subsequently, the case came on for hearing before Judge Weltner on the issue of the deficiency based upon the defaulted note and guaranties. At the beginning of the hearing, the corporation and Brannan, as two of the defendants in the suit, moved to set aside the default judgment of February 26, 1976, and that they be allowed to litigate the question of liability on the merits. Judge Weltner, basing his decision on the premise that the time for setting aside a default judgment had expired, and that the time for an appeal also had expired, held that the default was final, and ruled that the only defendant remaining in the case was Sims. Verdict and judgment were rendered in favor of Sims. That judgment is not before this court in this appeal.

The appellants enumerate as error the grant of a temporary injunction by Judge Tanksley precluding the appellants from disposing of the inventory of the sporting goods store pending disposition of the note; the denial by Judge Tanksley of the motion to set aside the service and status of default; the grant by Judge Tanksley of the default judgment against the corporation and Brannan; the rulings of Judge Weltner at trial refusing to consider the propriety of the default judgment or allowing the appellants to offer evidence on the merits of the indebtedness; and lastly, the failure to revise the judgment against the corporation and Brannan in view of the favorable verdict in favor of Sims. *Held:*

1. Appellee bank moved to dismiss this appeal on several grounds. For the reasons stated in Division 3 of this opinion, the issue pertaining to the exercise of the trial judge's discretion is neither moot nor nonappealable. When judgment was rendered in favor of defendant Sims,

the final judgment as to all parties was rendered. The appellants properly invoked the jurisdiction of this court by filing their notice of appeal within the statutory time. Accordingly, the motion to dismiss the appeal is denied.

2. In its original complaint, the bank not only sought a money judgment, but also prayed for a temporary injunction precluding the corporation or Brannan from disposing of the inventory which was security for the defaulted note. Subsequent to the grant of the injunction, Brannan consented to the bank's taking the inventory and selling it, with application of the proceeds to the indebtedness. Apparently, the inventory has long since been sold. Thus, the purpose of the injunction ceased to exist well before the case came on for trial. Under such circumstances, any rulings or vitality dealing with the injunction have long been moot. *Stamey v. City of Griffin,* 238 Ga. 281 (232 SE2d 842) (1977); *Fountain v. DeKalb County,* 238 Ga. 14, 15 (231 SE2d 49) (1976).

3. In the next two enumerations of error, the appellants complain about the rulings of Judge Tanksley. We do not have the benefit of a transcript concerning either of these rulings. The record contains briefs and other evidence which shed a little light on the background of the refusal to set aside service and the basis for the default judgment entered against the appellants. However, other than the fact that Judge Tanksley considered the briefs of the parties, heard their arguments and made the rulings, there is no supporting transcript; thus we are not in a position to assess the legality of those rulings. With the record in such state, we will rely upon the presumption of regularity. Where there is no transcript to illuminate in full the rulings of the trial judge, we must assume in the absence of such evidence that the trial judge properly exercised his judgment and discretion in making his rulings. *State v. Frazier,* 141 Ga. App. 501, 502 (1977); *Sheppard v. State,* 138 Ga. App. 597, 598 (226 SE2d 744) (1976); *U. S. Fidelity &c. Co. v. Ga. Farm Bureau &c. Ins. Co.,* 126 Ga. App. 831 (191 SE2d 893) (1972).

4. In their fourth enumeration of error, the appellants urge that Judge Weltner erred in holding that they were precluded from pursuing further the setting

aside of the default judgment. It is not disputed that the appellants were in default insofar as the time to answer was concerned. Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238 (Code Ann. § 81A-155 (b)) provides in pertinent part that at any time before final judgment, the trial judge may, in his discretion, allow the default to be opened where the judge from all the facts shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. Ga. L. 1966, pp. 609, 658 (Code Ann. § 81A-154 (b)) provides in pertinent part that when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction (as is true in this case), any order or other form of decision, however designated, which adjudicates fewer than all the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the rights and liabilities of all the parties.

In this case, Judge Tanksley did not include in his order granting default judgment the direction that there was no just reason for delay and that final judgment was being entered as to the corporation and Brannan. Reading Code Ann. §§ 81A-155 (b) and 81A-154 (b) together, it is clear that, inasmuch as the proceedings involved multiple parties, Judge Weltner was authorized, in his discretion, to set aside the default judgment or, alternatively, to refuse to do so. By his language, he indicated that the appellants could not raise the issue because it had been over the 30 days allowed for an appeal. It thus appears that the trial judge concluded that he had no discretion in the matter and logically did not exercise the discretion the statute vests in him. Even though we believe that there was evidence tending to support a conclusion that service was made upon the person who was in charge of the business and at the corporation's registered address (see *Adams v. Upjohn Co.,* 142 Ga. App. 264), we may not apply the maxim that a judgment right for any reason will

be affirmed, for it is apparent that the judge in this case rested his judgment on reasons which were erroneous, or that the judgment was based upon an erroneous legal theory. Under such circumstances, the trial judge commits reversible error. *Ayers v. Yancey Bros. Co.,* 141 Ga. App. 358, 361 (1977); *Smith v. Helms,* 140 Ga. App. 267, 269 (231 SE2d 778) (1976). We will cure this error by returning the case to the trial court for a valid exercise of the judge's discretion.

5. In their final enumeration of error, the appellants assert that the trial judge (Judge Weltner) should have modified the judgment in default to conform to the judgment in favor of the third defendant, Sims. Such a verdict does not necessarily compel the sought-after result. Sims defended on the ground that there was an unfulfilled condition precedent to his liability as a guarantor. He also attempted to make a showing that if the principal (the corporation) was not liable, he would not be liable as a guarantor. As a matter of fact and law, the basis for judgment in favor of Sims could have been failure of a condition precedent, whereas the basis for the judgment against the appellants was default on a past due note — two dissimilar predicates. The trial judge, therefore, did not err in failing, sua sponte, to modify the default judgment, particularly in the absence of a specific request therefor. See *Sanders v. State,* 134 Ga. App. 825, 826 (216 SE2d 371) (1975).

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

ARGUED MARCH 3, 1977 — DECIDED MAY 6, 1977 — REHEARING DENIED MAY 20, 1977 —

*Hill, Jones & Farrington, Michael C. Ford, E. Lundy Beaty,* for appellants.

*McClain, Mellen, Bowling & Hickman, A. O. Bracey, III, James W. Culbreth,* for appellee.