## 55476. BROWN v. NATIONAL VAN LINES, INC. et al.

WEBB, Judge.

The trial court opened the default below on the basis "that there had been an excusable neglect, in that the relationship [of defendant to other parties] could not be ascertained by defendant's counsel." So far as we know our appellate courts have never held that failure of counsel to ascertain the facts or reach an opinion about the case constituted "excusable neglect," "providential cause," or a "proper case" for the default to be opened under CPA § 55 (b) (Code Ann. § 81A-155 (b)). Counsel

could have answered that he was without knowledge or information sufficient to form a belief as to the truth of these matters under CPA § 8 (b) (Code Ann. § 81A-108 (b)) and then sought discovery. But failure to answer because counsel is not yet ready to do so constitutes wilful disregard of the process of the court and cannot be sanctioned.

While counsel rely upon *Williams v. C. & S. Nat. Bank,* 142 Ga. App. 346, 348 (4) (236 SE2d 16) (1977) for the contended-for proposition that the court has greater discretion to open default in cases involving multiple parties or claims than in others, the reliance is misplaced. *Williams* deals with the finality of judgments as to fewer than all the parties or claims, holding that the discretion to open default authorized by CPA § 55 (b) (Code Ann. § 81A-155 (b)) is still viable in a multiple-party case, because it is still "before final judgment" as required by the default-opening section, § 55 (b), supra, unless the court has made an express determination and direction as required by § 54 (b) supra, that the judgment as to fewer than all be entered as final. Since the court had not made such determination and direction in *Williams* the judgment was not final, the result being that the opening of the default was not, as the trial court had erroneously concluded, foreclosed as a matter of law by CPA § 55 (b)'s requirement of "before final judgment." *Williams* is thus inapposite here since it deals with the existence vel non, but not the extent, of the court's discretion, which we find to have been abused here.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

Argued March 6, 1978 — Decided April 19, 1978 —
Rehearing denied May 3, 1978.

*Pye, Groover, Edenfield & Dailey, Lewis M. Groover, Jr., Thomas D. Pye, III, Troutman, Sanders, Lockerman & Ashmore, Stanley A. Coburn,* for appellant.
*Watkins & Daniell, Arthur B. Seymore,* for appellees.