## 57525. COX v. FARMERS BANK.

SMITH, Judge.

On October 4, 1977, appellee bank filed a complaint against appellant and another individual, who is not a party to this appeal. Appellant failed to answer the complaint within the prescribed statutory period of 30

days and was therefore in default. This appeal is taken from the order of the trial court denying appellant's motion to open default. Because this is a multiparty case, the trial court's denial of appellant's motion to open default is not appealable at this time, and the appeal must be dismissed.

Ga. L. 1968, pp. 1072, 1073 (Code Ann. § 6-701) sets forth the instances where appeals may be taken. This appeal does not fall within any of these provisions. Specifically, the record does not establish that a "final judgment" exists in this case.

Generally, the denial of a motion to set aside a default judgment is an appealable judgment without a certificate of immediate review. *Shannon Co., Inc. v. Heneveld,* 235 Ga. 635 (221 SE2d 200) (1975). However, this is not automatically the case where multiple parties are involved. CPA § 54 (b) (Code Ann. § 81A-154 (b)) provides: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or *when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis supplied.) In the absence of an express determination that there is no just reason for delay and an express direction for entry of judgment, the denial of appellant's motion to open default is not a final, appealable judgment. *Williams v. C. & S. Nat. Bank,* 142 Ga. App. 346, 349 (236 SE2d 16) (1977).

Since this appeal does not comply with Code Ann. § 6-701, it is premature and must be dismissed. *Taylor v. McBerry,* 138 Ga. App. 593 (226 SE2d 607) (1976).

*Appeal dismissed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED APRIL 4, 1979 — DECIDED SEPTEMBER 4, 1979.

*Berl T. Tate,* for appellant.
*Griffin Patrick, Jr.,* for appellee.