### 67003. DANIELL v. HEYN.

CARLEY, Judge.

On November 10, 1982, appellee-plaintiff filed a complaint against appellant and another defendant. Appellant's co-defendant filed a timely answer. However, appellant did not. On December 29, 1982, appellee obtained a default judgment against appellant. The order granting default judgment did not contain "an express determination that there is no just reason for delay and . . . an express direction for entry of judgment." OCGA § 9-11-54 (b) (Code Ann. § 81A-154). Subsequently, appellant filed a "motion to vacate judgment," which was later amended to seek the opening of the default pursuant to OCGA § 9-11-55(b) (Code Ann. § 81A-155). Appellant's motion was denied in an order in which the trial court apparently concluded that appellant was "not entitled to the relief sought" because the default judgment was final. Appellant appeals from the denial of that motion.

1. Appellant enumerates as error the trial court's failure to exercise its discretion in ruling on the motion. "Reading [OCGA §§ 9-11-55(b) and 9-11-54(b) (Code Ann. §§ 81A-155 and 81A-154)] together, it is clear that, inasmuch as the proceedings involved multiple parties, [the trial court] was authorized, in [its] discretion, to set aside the default judgment or, alternatively, to refuse to do so. By [its] language, [it] indicated that the [appellant] could not raise the issue because [the default judgment was final]. It thus appears that the trial [court] concluded that [it] had no discretion in the matter and logically did not exercise the discretion the statute vests

in [it]." *Williams v. Citizens &c. Nat. Bank,* 142 Ga. App. 346, 349 (236 SE2d 16) (1977).

The default judgment in the instant case was not final and *Williams* is controlling authority. Insofar as the trial court ruled that appellant was "not entitled to . . . relief" pursuant to OCGA § 9-11-55(b) (Code Ann. § 81A-155) because the default judgment had "not been set aside" and was final, the order denying appellant's motion was predicated upon an erroneous legal theory. "We will cure this error by returning the case to the trial court for a valid exercise of the judge's discretion." *Williams v. Citizens &c. Nat. Bank,* supra at 350.

2. In light of our holding in Division 1, it is unnecessary to address appellant's remaining enumerations of error.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 9, 1984.

*Edgar G. Kimsey, Jr.,* for appellant.
*H. Norwood Pearce, Joseph W. Powell II,* for appellees.