A90A0679. JIM WALTER HOMES, INC. v. ROBERTS.
(396 SE2d 787)

COOPER, Judge.
On June 24, 1986, appellee was injured while in the course of her

employment with appellant; subsequently, appellant, through its insurer, commenced payment of workers' compensation benefits to appellee. In October 1986, appellee, who had ceased her employment relationship with appellant and moved to Florida, sought additional medical treatment, which appellant refused to authorize, forcing appellee to return to Georgia to obtain "authorized" medical treatment. On February 10, 1989, appellee filed an action, which was a renewal of a previous action, against a hospital, two of her treating physicians, appellant and appellant's insurance carrier. In Counts I, II, and III of the complaint, appellee alleged malpractice on the part of the hospital and physicians; in Count IV, appellee alleged that appellant's insurer failed to authorize treatment when she was in need of surgery; and in Count V, appellee alleged that appellant and its insurer failed to authorize payment for necessary medical treatment, conspired to deprive appellee of adequate medical care, attempted to dissuade appellee from ascertaining the truth about the extent of her injuries, and wilfully deprived her of adequate medical care, which actions resulted in her total disability. Appellee prayed for damages against appellant in the amount of one million dollars in general and special damages and one million dollars in punitive damages. Appellant failed to answer the complaint and a default judgment was entered against appellant on all issues except damages. On July 18, 1989, following a trial on the issue of damages, the court entered a judgment against appellant for 1.5 million dollars in general damages and $500,000 in punitive damages; the trial court entered findings of fact and conclusions of law, finding that appellant had participated in a scheme which served to deprive appellee of proper and adequate medical care and treatment, that as a result of this lack of adequate and timely medical care, appellee is suffering and will suffer total physical disability for the remainder of her life, and that the acts of appellant constituted wilful and wanton acts rising to the level of outrageous conduct. Appellant, unaware that a money judgment had been entered, filed a motion to open default and vacate judgment but after discovering that a money judgment had been entered, filed a motion to set aside the judgment. On October 31, 1989, the trial court entered an order denying appellant's motions to open default and set aside judgment, amended its July 18, 1989 order by reducing the amount of general damages to one million dollars, and entered a supplemental judgment to reflect the amended damages. On November 17, 1989, appellant filed a notice of appeal which specifically stated that the appeal was from the order denying appellant's motion to set aside default judgment. However, on December 14, 1989, appellant filed an amended notice of appeal stating that in its original notice of appeal it inadvertently specified that the appeal was from the order denying its motion to set aside rather than that portion of the order which it

intended to appeal — the entry of final judgment against appellant in the amount of 1.5 million dollars.

1. Appellee has moved to dismiss the appeal on the grounds that appellant is appealing from the denial of its motion to set aside and has not complied with the discretionary appeal provisions of OCGA § 5-6-35. Appellant's amended notice of appeal states that it is an appeal from the final judgment entered on October 31, 1989 awarding appellee money damages and is not an appeal from the denial of its motion to set aside. Appellant further contends that the judgment entered on July 18, 1989 was not a final judgment because it did not comply with OCGA § 9-11-54 (b) which provides: "[w]hen more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.*" (Emphasis supplied.) It is evident that the judgment entered July 18, 1989, did not contain an express determination that there is no just reason for delay and an express direction that judgment be entered; therefore, the judgment was not final and appellant could not have appealed from that order. *Daniell v. Heyn*, 169 Ga. App. 772 (1) (315 SE2d 284) (1984). Since the October 31, 1989, order contained the language of OCGA § 9-11-54 (b), appellant is entitled to bring an appeal.

2. In appellant's first enumeration of error, it contends that the court lacked subject matter jurisdiction because the underlying issue is a workers' compensation matter. "Due to [its] default, [appellant] is in a position of having admitted each and every material allegation of [appellee's] complaint except as to the amount of damages suffered by [appellee]." *Whitby v. Maloy*, 150 Ga. App. 575 (1) (258 SE2d 181) (1979). Thus, by defaulting appellant has admitted that it entered into a civil conspiracy with its insurer to wilfully deprive appellee of adequate medical care to the extent that appellee suffered total disability, and that in an attempt to dissuade appellee from ascertaining the truth as to the extent of her injuries, it committed conspiratorial acts which constituted a wilful, wanton and reckless disregard of the rights and welfare of the appellee. Based on appellant's admissions, the trial court found that it had jurisdiction over the action because the complaint was based upon wilful and intentional torts committed outside the purview of the Workers' Compensation Act. We find no error with the trial court's ruling and conclude that the judgment is not void for lack of subject matter jurisdiction. Although appellee's original injury occurred within the scope of her employment with appellant, appellee alleges in her complaint that she suffered physical disability due to the failure and refusal of appellant to authorize nec-

essary medical treatment. The report of Dr. Walter Epple, admitted as part of the affidavit of appellee's expert stated, in pertinent part:

> "It is unfortunate that the insurance company made the patient see another doctor after Dr. Lerner become [sic.] involved, because I feel that he would have continued to persue [sic.] the lumbar radiculopathy and would have performed definitive surgery on this lady. It is unfortunate that the new physician . . . was sort of thrown into the case because many times when the insurance company does this with a person of psychological imbalance; and indeed I believe that Dr. Lerner referred to a psychiatrist — all in the face of severe neurological deficits which should have been operated on at that time, and therefore, it is my opinion that Dr. Lerner — unfortunately caught in the web of insurance company demands and soforth [sic.], as already described above — did not adhere to the normal standards of care . . . and his failure to perform definitive surgery was the proximate cause of the injury."

Thus, the injury appellee alleges is an intentional physical injury resulting from appellant's refusal to authorize necessary treatment, rather than an intentional financial injury resulting from a delay in paying workers' compensation benefits. Compare *Bright v. Nimmo*, 253 Ga. 378, 381 (320 SE2d 365) (1984). We conclude that appellee's uncontradicted complaint sets forth a common law cause of action which the trial court had jurisdiction to decide. See *Cox v. Brazo*, 165 Ga. App. 888 (1) (303 SE2d 71) (1983); *Murphy v. ARA Svcs.*, 164 Ga. App. 859 (298 SE2d 528) (1982).

3. In its second enumeration appellant contends that the final judgment is erroneous because it violates the exclusive remedy provision of the Georgia Workers' Compensation Act. For the reasons discussed in Division 2 we find this enumeration of error to be without merit.

4. Appellant contends that the trial court erred in finding that it had no power to open the default. It appears from the record that the trial court concluded that the July 18, 1989, order was a final judgment which precluded the court from opening the default under OCGA § 9-11-55 (b). Although that conclusion is erroneous (*Cryomedics, Inc. v. Smith*, 180 Ga. App. 336, 337 (349 SE2d 223) (1986)), the order reflects that the trial court found that no showing of excusable neglect had been made and that no proper case had been made for opening the default under OCGA § 9-11-55 (b). "Excusable neglect can be determined not by any fixed rule, but rather by the circumstances of each individual case. [Cit.] This determination is within

the sound discretion of the trial court, and will not be disturbed by the appellate court absent abuse of discretion. [Cit.]" *Dever v. Lee,* 188 Ga. App. 483 (2) (373 SE2d 224) (1988). We find that the trial court did not abuse its discretion.

5. Appellant's contention that the failure to give it notice of the trial on the damages issue constituted a denial of due process is without merit. OCGA § 9-11-5 (a) states: "[T]he failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial. . . ." Appellant having failed to file any pleadings in the case is deemed to have waived notice of the trial on damages. See *Hulsey Pool Co. v. Troutman,* 167 Ga. App. 192 (1) (306 SE2d 83) (1983).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JULY 12, 1990 —
REHEARING DENIED JULY 30, 1990 — CERT. APPLIED FOR.

*Wilson, Strickland & Benson, Warner R. Wilson, Jr., Earl B. Benson, Jr., Anne E. Ware,* for appellant.
*Bobby H. Barton, Kenneth R. Chance,* for appellee.