## A93A0307. JOHNSON v. HAMES CONTRACTING, INC.

(431 SE2d 455)

BIRDSONG, Presiding Judge.

Appellant Steve J. Johnson appeals the order of the trial court granting summary judgment to appellee Hames Contracting, Inc. Appellant brought suit, averring various personal injury and contract claims and seeking compensation for emotional injuries, against Hames for fraudulent and wrongful conduct in inducing appellant to perform hazardous jobs in an unsafe and dangerous manner. Appellant alleged, inter alia, Hames fraudulently and intentionally failed to inform him that he would be exposed to asbestos while cleaning and painting the boiler house at Georgia Power Company's Plant Hammond facility. Appellant contends he thereafter orally contracted with Hames to paint the inside walls of the Plant Hammond boiler house, and that Hames subsequently breached the oral employment contract by firing him for raising job safety concerns. Hames moved for summary judgment contending appellant was an at-will employee and that his other claims were barred by the Georgia Workers' Compensation Act. *Held*:

1. "[A]t summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case." *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474). The summary judgment rules to be applied in the disposition of this case are as stated in *Lau's Corp.*

2. Appellant asserts the trial court erred in ruling that appellant's oral contract of employment was terminable at will. Appellee Hames' affidavits met its burden under *Lau's Corp.*, supra. Accordingly, appellant, "the nonmoving party [could not] rest on its pleadings, but rather [was required to] point to specific evidence giving rise to a triable issue." *Lau's Corp.*, supra at 491. Hames' affidavits attest that no written employment contract was entered. The 12 Tennessee painters, including appellant, were not hired to perform a designated painting job or to paint for a specific period of time; the painters were hourly workers. The documentation opposing appellee's summary judgment motion at best is uncertain and to an extent self-contradictory. Painter German testified at the OSHA hearing that Hames called the painters' union and said he needed twelve people to paint a ceiling; the job was going to last *at least* three weeks and *possibly* five weeks; subsequently, Hames' foreman said the painters had done such a good job on the ceiling (which was finished the first week), that Hames was going to extend the job for two more weeks and let them paint the walls all the way down to the first floor (the painters were on the eighth floor at the time); German then opined that it would take four weeks to paint the walls and thus the duration of employment "would have been . . . a total of five weeks." At the OSHA hearing Hames' foreman testified that he initially told the painters the job was for a duration of two weeks, but as Georgia Power reported it had extra money, "I told the guys . . . that they had done such a good job that they were going to [be kept] on a while longer." In his filed deposition, apparently taken initially for discovery in a separate suit in federal court, German agreed that all the Tennessee painters "pretty much had one job" and that was "the painting . . . done inside the boiler house." Thereafter, German testified that when Hames' foreman subsequently authorized the painters to paint the "walls all the way down to the bottom floor," the painters immediately started working on the walls. German also testified in his deposition that when the foreman called the Tennessee painters' union office, he told German that he had a paint job involving the "painting of a ceiling," and "he needed twelve men for *about* six weeks." (Emphasis supplied.) To the extent that unexplained, contradictory witness testimony exists, within the meaning of *Gentile v. Miller &c., Inc.*, 257 Ga. 583 (361 SE2d 383) and *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680), the rule therein shall apply. However, there exists an adequate explanation for any alleged discrepancy

on the part of Hames' foreman between his testimony in the OSHA hearing and his subsequent affidavit. Hames' foreman adequately and reasonably explained in the OSHA hearing that after he initially told the painters they would be hired for two weeks, Georgia Power told him there was more money available and thereupon he informed them that they were to be hired for a while longer. A hiring for "a while longer" is a hiring for an indefinite period of time and thus there is no conflict between the hearing testimony, as explained, and the affidavit.

OCGA § 34-7-1 provides: "If a contract of employment provides that wages are payable at a stipulated period, the presumption shall arise that the hiring is for such period, provided that, if anything else in the contract indicates that the hiring was for a longer term, the mere reservation of wages for a lesser time will not control. An indefinite hiring may be terminated at will by either party." Thus, under OCGA § 34-7-1, "an oral contract of employment for an indefinite period is terminable at will" (*Guinn v. Conwood Corp.*, 185 Ga. App. 41, 42 (1) (363 SE2d 271)); " 'an employer is free to discharge an employee at will for any reason or no reason, and . . . the employer's motives in discharging such an employee are legally immaterial' " (*Lane v. K-Mart Corp.*, 190 Ga. App. 113 (1) (378 SE2d 136)). "[A] promise of employment for an indefinite term is insufficient to support a cause of action for breach of an employment contract." *Barker v. CTC Sales Corp.*, 199 Ga. App. 742 (1) (406 SE2d 88); accord *Burton v. John Thurmond Constr. Co.*, 201 Ga. App. 10 (410 SE2d 137).

Appellant's reliance on *Lineberger v. Williams*, 195 Ga. App. 186 (393 SE2d 23) is misplaced; that case is distinguishable as it concerned a particular contract of employment which created a jury issue whether it reasonably was for the definite duration of a commercial property restoration project. In view of the record before us, we find *Barker v. CTC Sales Corp.*, supra, more persuasive.

The trial court did not err in its construction of the terms of the oral contract of employment, as a matter of law, as creating "an employment at will as that is defined in OCGA § 34-7-1." See generally *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308); see also *Burton*, supra. Appellant's first enumeration of error is without merit.

3. Appellant contends on appeal that the trial court's holding that the exclusivity provision of the Workers' Compensation Act precludes appellant's claims violates the equal protection clause of the Georgia Constitution. But see *Ga. Dept. of Human Resources v. Joseph Campbell Co.*, 261 Ga. 822, 823 (3) (411 SE2d 871). As this constitutional issue neither was timely raised nor ruled on before the trial court, it is not preserved for appellate review. *Meders v. State*, 260 Ga. 49, 54 (2b) (389 SE2d 320); *Allen v. Montgomery Ward & Co.*,

186 Ga. App. 337 (2) (367 SE2d 120).

4. Appellant asserts "the trial court erred in ruling that injuries of a type not compensable under Georgia's Workers' Compensation Act are nonetheless barred by application of that Act's exclusivity provision [OCGA § 34-9-11 (a)]."

(a) "Where applicable, the Workers' Compensation Act provides the exclusive remedy to an employee injured 'by accident arising out of and in the course of the employment.' OCGA § 34-9-1 (4). Pursuant to OCGA § 34-9-281 (a), an occupational disease is considered to be a compensable, accidental injury. . . . [W]hen an employee's injuries are compensable under the Act, he is absolutely barred from pursuing a common law tort action to recover for such injuries, even if they resulted from intentional misconduct on the part of the employer. . . . The Supreme Court's statement in *Bright v. Nimmo*, 253 Ga. 378, 380 (320 SE2d 365) . . . that '[i]ntentional injuries warrant special consideration' was evidently not intended to change this rule, as the holding in that case was that no common law tort action was authorized where the injury sought to be redressed was compensable under the Act." *Southwire Co. v. Benefield*, 184 Ga. App. 418, 419 (361 SE2d 525). To the extent appellant seeks redress for current or future physical injury by accident due to occupational disease or otherwise (caused by ingestion of or exposure to asbestos fibers) and arising out of the scope of his employment, it is barred by the exclusivity provisions of the Workers' Compensation Act. Likewise barred are those claims grounded on an intentional tort, which indirectly but *essentially* seek redress based on current or future physical injury arising from the alleged ingestion of or exposure to asbestos at the plant (compare majority and concurring opinions in *Bryant v. Wal-Mart Stores*, 203 Ga. App. 770 (417 SE2d 688) with *National Data Corp. v. Hooper*, 185 Ga. App. 866 (366 SE2d 189)); this is compatible with the rule of law that one cannot do indirectly what the law precludes from being done directly. See *Kingsmill Village &c. v. Homebanc &c.*, 204 Ga. App. 900, 902 (2a) (420 SE2d 771). Further, appellee's averred conduct occurring both prior and preparatory to and in facilitation of the hiring of appellant "is inextricably linked" to appellant's subsequent hiring and presence at the work site where in the course of his employment he apparently was subjected potentially to exposure to asbestos. Compare *Bryant*, supra at 775 (concurring opinion).

Appellant, however, argues that certain of his claims do not seek redress for a current or future physical injury due to accident, but rather seek a non-physical redress for financial injury. See generally *Cline v. Aetna Cas. &c. Co.*, 137 Ga. App. 76 (1) (223 SE2d 14); compare *Bryant*, supra with *Southwire Co.*, supra at 419. Although claims based on certain types of financial injuries arising from intentional torts are not barred per se under the exclusivity provisions of the

Workers' Compensation Act (see generally *Bright v. Nimmo*, supra) when, as in this case, those claims inextricably and essentially seek redress based on the potential for current or future physical injury due to occupational disease or otherwise, such claims are barred by the exclusivity provisions of the Workers' Compensation Act, OCGA § 34-9-11 (a). *Bryant*, supra.

*Superb Carpet Mills v. Thomason*, 183 Ga. App. 554 (359 SE2d 370), pertaining to an employee's claim for property damage, is distinguishable.

(b) Appellant averred that appellee and Georgia Power engaged in a civil conspiracy (see generally *Jim Walter Homes v. Roberts*, 196 Ga. App. 618, 620-621 (2), (3) (396 SE2d 787)), but there does not exist a genuine issue of material fact as to the issue of conspiracy. The trial court did not err in granting summary judgment as to the conspiracy claims. OCGA § 9-11-56 (c); *Peterson v. Liberty Mut. Ins. Co.*, 188 Ga. App. 420, 424 (373 SE2d 515).

(c) Appellant averred certain claims of intentional infliction of emotional distress by appellee and made certain contentions in support thereof in a response to interrogatories. Generally, a response to interrogatories can be submitted in opposition to a movant's affidavit in support of summary judgment. OCGA § 9-11-56 (e). However, appellant's verification of his response to the first interrogatories of Georgia Power, in addition to swearing that the information supplied in his response to the interrogatories is true and correct to the best of his knowledge pertinently provided that "the word usage and sentence structure [in said response to interrogatories] may be that of the attorney assisting in the preparation of the response to interrogatories and does not necessarily purport to be the precise language of the executing party." The Civil Practice Act requires "a party to answer personally his opponent's interrogatories under oath," and counsel cannot answer them for the party. *Gregory v. King Plumbing*, 127 Ga. App. 512 (1a) (194 SE2d 271). We find that the language of disavowal of authorship contained in the verification rendered the statements in the response inadmissible under OCGA § 9-11-56 (e).

Additionally we conclude claims of intentional infliction of emotional distress, under the attendant circumstances, have been barred. (See Division (4a) above.) Even when " 'an injury is not *compensable* under the act does not necessarily mean it is not within the *purview* of the act' " for purposes of the exclusivity provisions of the act. See generally *Bryant*, supra at 772 and concurring opinion; cf. *Ervin v. Great Dane Trailers*, 195 Ga. App. 317 (393 SE2d 467).

Appellant's various contentions in support of his three enumerations of error are without merit.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED MAY 20, 1993.

*Hine, Carroll & Niedrach, Paul T. Carroll III, Bret J. Pangborn,* for appellant.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, Robert M. Brinson, Troutman, Sanders, Lockerman & Ashmore, Mark L. Booz, Robert L. Pennington, Carter & Ansley, David M. Atkinson, Barry A. Karp,* for appellee.