A94A0315. HAMES CONTRACTING, INC. v. GEORGIA INSURANCE COMPANY.
(440 SE2d 738)

BIRDSONG, Presiding Judge.

Hames Contracting, Inc. (Hames) appeals the grant of Georgia Insurance Company's (GIC) motion for summary judgment and denial of Hames' cross-motion for summary judgment in a declaratory judgment suit brought by GIC against Hames.

GIC issued a workers' compensation and employers liability insurance policy to Hames, the insured. Subsequently, a number of Hames' employees or former employees brought suit against Hames in federal court; one other employee brought suit against Hames in the Superior Court of Floyd County. Both suits are civil actions for damages; the 13 counts averred in the complaint in federal court are virtually identical to the corresponding 13 counts averred in the complaint in superior court. Plaintiffs in the two suits asserted claims of breach of contract, fraud, infliction of emotional distress, wilful misconduct, specific intent to harm, fraud in the inducement of a contract and conspiracy to harm. Plaintiffs did not aver any claims for workers' compensation benefits in their suits. See generally *Allen v. Bergman*, 201 Ga. App. 781, 783 (3b) (412 SE2d 549). For a brief discussion of the facts giving rise to these claims, see generally *Johnson v. Hames Contracting*, 208 Ga. App. 664 (431 SE2d 455).

After the suits were commenced, Hames forwarded the lawsuits to GIC seeking defense of the claims and coverage therefor under the terms of the policy. GIC gave Hames notice of its reservation and non-waiver of rights pending claims investigation and, pursuant to its continued reservation, filed answers on behalf of Hames in both cases. GIC sought declaratory judgment asserting that it had no duty under the policy either to defend or to indemnify Hames with respect to the claims averred in the federal and Floyd County suits. *Held*:

1. The rights and duties of the parties to an insurance contract, including the duty of an insurer to defend its insured, are determined by the terms thereof; we must consider the averments in the complaint to determine whether a claim asserted is within the coverage of the policy or whether a duty to defend such claim exists as to the litigation. See *Presidential Hotel v. Canal Ins. Co.*, 188 Ga. App. 609, 610 (373 SE2d 671).

2. Appellee GIC contends and appellant Hames concedes that Count 7 of the underlying complaints, which seeks damages on breach of contract arising from the wrongful termination of plaintiffs' employment with Hames, are not covered by any provision contained in the insurance contract at issue. Accordingly, any contrary contentions regarding this issue have not been raised on appeal. Moreover, examination of the insurance contract and the averments in Count 7 confirm the accuracy of the parties' assessment of this question; Count 7 does not aver claims covered by this insurance policy.

Likewise, the parties agree there is no duty to defend the remaining claims in the underlying complaints pursuant to Part Two, the employers liability section of the policy, because no recovery is permitted at law for these claims. See, e.g., *Johnson*, supra. Part Two expressly limits coverage to those damages "where recovery is permitted by law" and provides that insured has "no duty to defend a claim, proceeding or suit that is not covered by this insurance."

Hames concedes that the "underlying claims [at issue on appeal] are barred by the exclusive remedy provision [of the Georgia Workers' Compensation Act], as did this court in *Johnson*, supra"; however, it argues that a duty to defend nevertheless arises pursuant to Part One, the workers' compensation insurance section of the policy, as it contains no provision which would limit coverage and/or duty to defend to those claims where recovery is permitted by law. GIC counters that Part One "only deals with claims for benefits pursuant to the workers' compensation law [of Georgia]," and the employees' suits against Hames do not aver claims for such benefits. The trial court granted GIC's motion for summary judgment and denied Hames' cross-motion after concluding, inter alia, in view of *Johnson*, supra, that the complaints against Hames do not set forth tort damages for which recovery is permitted by law in the circumstances of the under-

lying cases.

After examining the unambiguous language of the policy in its entirety and attributing to its words their usual and common signification and customary meaning (see *Canal Ins. Co. v. Wilkes Supply Co.*, 203 Ga. App. 35, 37 (2) (416 SE2d 105)), in the process of ascertaining the intent of the parties (OCGA § 13-2-3), we agree with the contentions of appellee GIC regarding the construction to be given to the terms of the insurance policy. We find that Part One, the workers' compensation insurance section of the policy, was intended by the parties to provide coverage only for benefits due and required to be paid by the insured under the Georgia Workers' Compensation Act. In this regard, Part One, Section B provides, inter alia, the insurer "will pay promptly when due the benefits required of you [the insured] by the workers' compensation law." The term "workers' compensation law" is clearly defined in the general section of the policy, and in this instance is the Georgia Workers' Compensation Act. Moreover, Part One, Section H 5 provides that "this insurance [workers' compensation insurance] conforms to the parts of the workers' compensation law that apply to: a. *benefits* payable by this insurance." (Emphasis supplied.) Thus, the coverage provided in Part One is limited to claims for benefits required of an insured employer under the applicable workers' compensation law as defined in the general section of the policy. The civil suits for damages against Hames did not aver such claims. Thus, these suits did not aver any claims "covered" by the workers' compensation insurance of Part One of the policy. And the insurance contract expressly provides, at Part One, C, that GIC has "no duty to defend a claim, proceeding or suit that is not covered by this [Part One] insurance." "[A] grant of summary judgment must be affirmed if it is right for any reason." *American Honda &c. Co. v. Williams & Assoc.*, 208 Ga. App. 636, 642 (2) (431 SE2d 437).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 4, 1994.

*Barry A. Karp, Harold Karp*, for appellant.
*Drew, Eckl & Farnham, G. Randall Moody*, for appellee.

