A94A2220, A94A2221. DUTTON et al. v. GEORGIA ASSOCIATED GENERAL CONTRACTOR SELF-INSURERS TRUST FUND; and vice versa.
(451 SE2d 504)

BLACKBURN, Judge.

Plaintiffs Dutton, husband and wife, appeal the trial court's dismissal of their conspiratorial tort action against defendants/appellees (employer, workers' compensation insurers and claims agents) for their outrageous, wilful and wanton acts in carrying out their scheme to deprive Dutton of medical treatment and benefits arising out of the handling of a workers' compensation claim, and in dismissing Dutton's wife's loss of consortium claim. Defendant/cross-appellant Georgia General Contractor Self-Insurers Trust Fund (Fund) appeals the trial court's dismissal of its subrogation counterclaim.

On May 29, 1990, Dutton was injured during the course of his employment with Frontier Contracting Company, Inc. (Frontier). The record reflects that the injury occurred when an employee of Chambers of Georgia, Inc. (Chambers), acting within the scope of his employment, caused a dumpster to slide into Dutton, pinning him against a wall.

Shortly after the accident, the Fund, acting as the workers' compensation insurer for Frontier, began providing workers' compensation benefits to Dutton, including payments for medical care. The Fund paid all workers' compensation benefits which were owed Dutton through November 1991; however, beginning on or about December 1, 1991, the Fund, questioning its obligation to pay certain medical bills and bills for an automatic transmission rental car, discontinued payment thereon.

The Duttons filed a tort action against the tortfeasor which was settled on September 12, 1992. They also brought the subject action in the State Court of Fulton County for damages, including workers' compensation benefits which the Fund had elected not to pay, damages for further injuries Dutton sustained as a result of the non-payment of such bills, punitive damages and damages to Dutton's wife for loss of consortium.

The Fund pled the "exclusive remedy" defense pursuant to OCGA § 34-9-1 et seq., and asserted a subrogation lien counterclaim equivalent to workers' compensation benefits paid to Dutton for which he had otherwise been compensated pursuant to OCGA § 34-9-11.1.

*Case No. A94A2220*

The Duttons first contend that the court erred in granting appellees' motions to dismiss the complaint or alternatively for judgment

on the pleadings. The Duttons argue that they are entitled to a common-law cause of action in tort citing *Jim Walter Homes v. Roberts*, 196 Ga. App. 618, 621 (396 SE2d 787) (1990).

In *Jim Walter Homes*, we held that "an intentional *physical injury* resulting from . . . *refusal to authorize* necessary treatment, rather than an intentional *financial injury* resulting from a delay in paying workers' compensation benefits . . . sets forth a common law cause of action which the trial court had jurisdiction to decide." (Citations and punctuation omitted; emphasis supplied.) Id. *Jim Walter Homes* involved a default judgment where the allegations of the complaint were established as fact, including the fact that *refusal to authorize* necessary medical *treatment* and efforts to discourage the claimant from determining the full scope of her injuries, *caused physical injury beyond* that which had been the basis of her *original workers' compensation claim*. Id. at 620. Because of defendant's default, these facts were established as a matter of law.

OCGA § 34-9-11 (a) pertinently provides that "[t]he rights and remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury, loss of service, or death." Where the workers' compensation law is applicable, it provides the employee's exclusive remedy against the employer. See *Aetna Cas. &c. Co. v. Davis*, 253 Ga. 376, 377 (320 SE2d 368) (1984); *Bright v. Nimmo*, 253 Ga. 378, 381 (320 SE2d 365) (1984). Further, "the intentional delay of workers' compensation benefits does not give rise to an independent cause of action against the employer or its insurer where penalties for such delay are provided by the act." Id. All refusals to pay are intentional acts and the *wrongful* refusal to pay and remedy therefore are provided for by the Georgia Workers' Compensation Act. This case is controlled by *Bright v. Nimmo*, id. The trial court properly granted the motions to dismiss the complaint or alternatively for judgment on the pleadings.

### Case No. A94A2221

In this case, the Fund appeals the trial court's order granting the Duttons' motion to dismiss its counterclaim. In its counterclaim, the Fund sought subrogation of the money Dutton received as a result of the settlement of his action against the tortfeasors.

In *Maryland Cas. Ins. Co. v. Glomski*, 210 Ga. App. 759, 761 (437 SE2d 616) (1993), this court determined that OCGA § 34-9-11.1 did not apply retroactively. Employers and their insurers have a right to be subrogated to rights of workers' compensation claimants only for injuries occurring on or after OCGA § 34-9-11.1's effective date, July 1, 1992. Id. Dutton's injury predated the effective date of OCGA

§ 34-9-11.1 and no subordination was authorized. We affirm the trial court's holding.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 30, 1994 —
RECONSIDERATION DENIED DECEMBER 13, 1994 —

*Charles E. Moore, Jr., Kenneth L. Shigley,* for appellants.
*Rogers & Hardin, Ben A. Stone, Dan F. Laney III,* for appellee.