United States Court of Appeals, Eleventh Circuit.

No. 94-9459.

Eric DOSS, Plaintiff-Appellee,

v.

FOOD LION, INC., Defendant-Appellant.

March 26, 1997.

Appeal from the United States District Court for the Southern District of Georgia. (No. CV 293-145), Anthony A. Alaimo, District Judge.

Before EDMONDSON, DUBINA and BARKETT, Circuit Judges.

BARKETT, Circuit Judge:

Appellant-Defendant Food Lion, Inc., appealed the district court's denial of summary judgment in this diversity action brought by Eric Doss. Doss instituted this common-law tort action against Food Lion, Inc., alleging that Food Lion's delay in authorizing treatment of his psychological and psychiatric injuries constituted an intentional aggravation of his work-related injuries. At issue in this case is whether Doss's claim is actionable as an independent tort under Georgia law, or barred by the exclusive-remedy provision of the Workers' Compensation Act. In the initial appeal, we concluded that this question of Georgia law was dispositive and noted that it was unanswered by the clear controlling precedent of the Supreme Court of Georgia. Accordingly, we certified the following question to the Supreme Court of Georgia:

> DOES GEORGIA LAW RECOGNIZE AN INDEPENDENT CAUSE OF ACTION APART FROM ANY REMEDY AVAILABLE UNDER THE GEORGIA WORKERS' COMPENSATION ACT WHERE AN EMPLOYER AND/OR INSURER HAS INTENTIONALLY DELAYED AUTHORIZING MEDICAL TREATMENT TO WHICH AN EMPLOYEE IS ENTITLED UNDER THE ACT AND WHERE SUCH DELAY HAS EXACERBATED A WORK-RELATED PHYSICAL INJURY?

*Doss v. Food Lion, Inc.,* 83 F.3d 378, 380 (11th Cir.1996).

The Georgia Supreme Court answered the question in the negative. *Doss v. Food Lion, Inc.,* 267 Ga. 312, 477 S.E.2d 577, 579 (1996). Based on this opinion we reverse the district court's denial of Food Lion's motion for summary judgment and remand this case for further proceedings consistent with the opinion of the Georgia Supreme Court.