United States Court of Appeals, Eleventh Circuit.

No. 94-9459.

Eric DOSS, Plaintiff-Appellee,

v.

FOOD LION, INC., Defendant-Appellant.

May 21, 1996.

Appeal from the United States District Court for the Southern District of Georgia. (No. CV 293-145), Anthony A. Alaimo, Judge.

Before EDMONDSON, DUBINA and BARKETT, Circuit Judges.

BARKETT, Circuit Judge:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE 6, SECTION 6, PARAGRAPH 4 OF THE GEORGIA CONSTITUTION.

TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

This case comes to the United States Court of Appeals for the Eleventh Circuit on appeal from the district court's denial of Food Lion's motion for summary judgment in this diversity action brought by Eric Doss.  Food Lion had employed Doss as a stock clerk, and was responsible under the Georgia Worker's Compensation Act, O.C.G.A. § 34-9-1 *et. seq.* ("the Act"), for providing his health care after a co-worker injured Doss by hitting him in the head with a box of chocolates.  After Food Lion delayed authorizing treatment of Doss' psychological and psychiatric injuries, Doss brought this common-law tort action alleging that such delay constituted an intentional aggravation of Doss' work-related injuries.

The issue in this case is whether Doss' claim is actionable as an independent tort under Georgia law, or barred by the exclusive-remedy provision of the Workers' Compensation Act.  The district court certified, and we granted, an order for immediate

review of this issue as one involving "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). We have determined that this question of Georgia law is dispositive of this case, but unanswered by the clear controlling precedent of the Supreme Court of Georgia. We therefore certify this question for resolution by the highest court of Georgia.

Under O.C.G.A. § 34-9-11(a), "the Georgia Workers' Compensation Act is now the exclusive remedy for injuries sustained by an employee during the course of employment resulting from the negligence of a co-worker." *Dickey v. Harden,* 202 Ga.App. 645, 646, 414 S.E.2d 924 (1992). The Act also bars an independent action for intentional torts committed by one worker against a co-worker, unless the tortious act was committed for personal reasons unrelated to the conduct of the employer's business. *Murphy v. ARA Svcs.,* 164 Ga.App. 859, 862-63, 298 S.E.2d 528 (1982). In *Johnson v. Hames Contracting, Inc.,* 208 Ga.App. 664, 431 S.E.2d 455 (1993), the Georgia Court of Appeals held that "[w]hen an employee's injuries are compensable under the Act, he is absolutely barred from pursuing a common law tort action to recover for such injuries, even if they resulted from the intentional misconduct on the part of the employer." *Id.* at 667, 431 S.E.2d 455.

The Act defines "injury" or "personal injury" as including "the aggravation of a preexisting condition by accident arising out of and in the course of employment." O.C.G.A. § 34-9-1(4). Doss contends that the Act does not provide a remedy for the intentional

physical aggravation of his work-related injury.  He argues that because the Act provides no mechanism by which a claimant may be compensated for the physical worsening of a work-related injury sustained due to an employer's unreasonable delay in authorizing medical treatment, such a claim falls outside the purview of the Act.  The Georgia case law, however, is unclear on whether the Act bars Doss from bringing an action in tort for physical aggravation of his work-related injury where Food Lion has intentionally delayed authorizing his medical treatment.

Although a "remedy provided by th[e] statute is exclusive within the field of its operation ... it does not exclude redress in cases to which it is not applicable."  *Covington v. Berkeley Granite Corp.,* 182 Ga. 235, 237, 184 S.E. 871 (1935).  In *Covington,* the Supreme Court of Georgia went on to say that "the right to bring an ordinary action for damages is not excluded by the statute as to injuries which do not fall within its terms."  *Id.* at 238, 184 S.E. 871 (quotation omitted).  For example, the Georgia Court of Appeals in *Jim Walter Homes v. Roberts,* 196 Ga.App. 618, 396 S.E.2d 787 (1990), held that although the claimant's "original injury occurred within the scope of her employment," her alleged "intentional physical injury resulting from [the employer's] refusal to authorize necessary medical treatment.... sets forth a common law cause of action which the trial court had jurisdiction to decide."  *Id.* at 620-21, 396 S.E.2d 787.  In *Maulden v. Liberty Mutual Insurance Co.,* 824 F.Supp. 212 (1992), the district court reasoned from *Jim Walter Homes* that a workers' compensation claimant could pursue her compensation

carrier also for a wrongful *delay* in authorizing her medical treatment, stating that "an action for physical aggravation of an injury is not precluded by the ... Georgia Worker's Compensation Act." *Id.* at 214.

Food Lion argues that Doss is precluded from bringing a separate action in tort based in part upon the Supreme Court of Georgia's holding in *Bright v. Nimmo,* 253 Ga. 378, 320 S.E.2d 365 (1984). In *Bright,* the Court held that an employer's intentional delay in the payment of income benefits is an "intentional financial injury" exclusively remedied by O.C.G.A. § 34-9-221(e). Doss contends that he has not sustained an intentional financial injury, but instead has sustained an aggravation of his work-related injuries due to the intentional delay of Food Lion in authorizing his medical treatment. Doss points out that *Bright* distinguishes an employer's intentional financial injury from an intentional physical injury such as Doss claims here:

> [W]e are faced not with an alleged intentional physical injury by the employer but with an alleged intentional financial injury. The defendants argue that OCGA § 34-9-221(e) provides the exclusive remedy available to plaintiff. That subsection ... deals solely with income benefits (as opposed to benefits for medical, surgical, hospital, etc., care).

*Bright,* 253 Ga. at 381, 320 S.E.2d 365, *cited in Jim Walter Homes,* 196 Ga.App. at 620-21, 396 S.E.2d 787.

Food Lion responds, however, that the Supreme Court of Georgia's decision in *Aetna Casualty & Surety Company v. Davis,* 253 Ga. 376, 320 S.E.2d 368 (1984), decided on the same date as *Bright,* is controlling. *Aetna Casualty* held that a workers' compensation claimant was precluded from bringing an independent action for breach of contract and tortious breach of contract because the

Act's provision of attorneys' fees, O.C.G.A. § 108(b), is a "penalty for an insurer's controverting medical payments without reasonable grounds and therefore the employee's use of common law remedies is excluded." *Id.* at 377-78, 320 S.E.2d 368.

Nonetheless, the Supreme Court of Georgia has not squarely addressed the issue of whether a claim for physical aggravation of a work-related injury resulting from an employer's intentional delay in authorizing medical treatment is outside the purview of the Workers' Compensation Act, and thus gives rise to an independent cause of action against the employer or its insurer.

Accordingly, we certify the following question to the Supreme Court of Georgia for resolution:

> 1. DOES GEORGIA LAW RECOGNIZE AN INDEPENDENT CAUSE OF ACTION APART FROM ANY REMEDY AVAILABLE UNDER THE GEORGIA WORKERS' COMPENSATION ACT WHERE AN EMPLOYER AND/OR INSURER HAS INTENTIONALLY DELAYED AUTHORIZING MEDICAL TREATMENT TO WHICH AN EMPLOYEE IS ENTITLED UNDER THE ACT AND WHERE SUCH DELAY HAS EXACERBATED A WORK-RELATED PHYSICAL INJURY?

The particular phrasing of this question is not intended to limit the Supreme Court of Georgia in its consideration of the various problems and issues posed by the entire case as it perceives them to be. In order to assist the determination, the entire record and the briefs of the parties shall be transmitted to the Supreme Court of Georgia.

QUESTION CERTIFIED.